Henry Norman made a will, in which he appointed his wife, Sarah, one of the complainants, together with two other persons, his executrix and executors. This will was admitted to probate at April sessions of the county court in 1804, and the executors proceeded to transact the business of the estate.
At October sessions of the same year another will was offered for probate, in which the defendant Bateman was appointed one executor, the complainant, Sarah, another, and the defendant Fanny Rea a devisee *Page 272 
and legatee. The probate of this will was contested by the complainants (Sarah being now married to Mariner), but it was, after several trials in the county and Superior Court, finally established, upon which the complainants qualified as executors to it, together with the defendant Bateman. The expense of these various litigations amounted to near $1,000.
Costs are made discretionary in this Court, with a view that they may follow as nearly as possible the conscience of the demand; and there is no instance of trustees being chargeable with them where they have acted fairly, although they fail in establishing a claim. 1 Ves. Jr., 205.
The conduct of these complainants was such as might have (351) been reasonably expected from executors who were disposed to do their duty; for, seeing a will coming forward for probate at a considerable interval after the testator's death, and after the notoriety of one will being proved, it was natural to suspect the fairness of the attempt, and just to resist it, until it was established by testimony. It would be a great discouragement to executors to oppose even forged wills if it were understood that it must be done at the private hazard of paying the costs out of their own estate in the event of a failure. Where their conduct is wanton and litigious, and the court can collect that from the facts of the case, it will require the application of a different rule.
All these expenses have arisen from the circumstance of the testator's having left two wills, without giving any reason to the person who had the custody of the prior to believe that it was revoked by a subsequent one. It is equitable, therefore, that the costs should be paid out of his estate. Where a testator by his will has occasioned difficulties, the costs ought to be paid out of his assets. Studholme v. Hodgson, 3 P. Wms., 303;Jotliffe v. East, 3 Bro. Ch., ch. 25; Pearson v. Pearson, 1 Schoale 
Lefroy, 12.
NOTE. — See Leigh v. Lockwood, 15 N.C. 577; Clapp v. Cobb, 21 N.C. 177.
Cited: Ralston v. Telfair, 22 N.C. 423. *Page 273