MARGARET B. MORDECAI, Executrix, and others v. JOHN DEVE-
REUX and others.

This court will never interfere between attorney and client in making
allowance for professional services, although there be a fund in the
keeping of the court.

(The case of *Patterson* v. *Miller*, 72 N. C. Rep. 516, cited and approved.)

This was a PETITION for an allowance for attornies' fees,
filed in this court at the present term.

The petitioners, Merrimon, Fuller & Ashe, and Moore &
Gatling, alleged: That Moore & Gatling appearing in behalf
of the creditors of the late Thomas P. Devereux, the plain-
tiffs in this action instituted the action in the Superior Court
of Halifax county, on the 25th day of January, 1870, pray-
ing to have the defendants, the only heirs at law of Thos. P.
Devereux, decreed to execute certain trusts in favor of the
creditors of their ancestor, declared in a deed of settlement
executed by the late Francis Devereux on the 3d day of
July, 1839.

All the matters of law involved in said action, having been
referred to the Hon. Samuel W. Watts, were heard and de-
cided and the defendants appealed to this court. Upon the
hearing this court adjudged and decreed that the plaintiffs
were entitled to the relief prayed for, and by an order duly
made and recorded appointed John Devereux and Walter
Clark, Esq'rs., trustees and commissioners to sell all of the lands
mentioned in the said deed of settlement, not disposed of by
the said Thomas P. Devereux during his life, except a certain
tract known, &c.

The said trustees have sold the said lands under the order
of the court, and have paid the proceeds into the office of the
Clerk, to be held as a fund to be ultimately divided between
the said creditors.

A certain bill in equity, wherein Grinifel Blake and wife

43

and others, nieces of the said Thomas P. Devereux are com-
plainants, has been ·for many years pending in the Circuit
Court of the United States for the Eastern District of North
Carolina, claiming to charge the said lands with large sums
of money alleged to have been settled upon them, by the said
Francis Devereux, in her last will and testament.

The cause was · referred by said court to state an account,
and the said trustees and commissioners finding the labor
involved in taking said account to be very great, retained the
petitioners Merrimon, Fuller &. Ashe to assist the petitioners
Moore & Gatling in representing the said creditors.

The petition sets out other facts not necessary to be stated,
and prays for an allowance on account of the services so ren-
dered in taking the account, &c.

*Moore & Gatling, Walter Clark*, and *R. B. Peebles*, for the
petitioners.

*Battle, Battle & Mordecai, D. A. Barnes*, and *W. W.
Peebles*, contra.

PEARSON, C. J. The question is decided. *Patterson v. Mil-
ler*, 72 N. C. Rep. 516. This court has never interfered be-
tween attorney and client in making allowances for profes-
sional services, and we are not inclined at this late day to
assume the power to do so. We make allowance to a Clerk
for stating an account or to a commissioner for making sales,
on the ground that the work is done by order of the court.
But we have never supposed that we could be called on to
settle fees between client and attorney, although there be a
fund in the keeping of the court.

PER CURIAM.                              Petition dismissed.