S. P. WILLIAMS v. WILLIAM BOWLING.

*Justice of the Peace—Jurisdiction—Summons—Practice—Constitution—Courts of Record—Bastardy.*

1. A summons issued by one Justice of the Peace cannot be made returnable before another (except in cases of bastardy), and was properly dismissed by the latter.
2. The new Constitution has increased the jurisdiction of Justices of the Peace and requires them to keep a record of their proceedings, but these are not courts of record.

This was a CIVIL ACTION, tried at the August Term, 1892, of PERSON Superior Court, before *Connor, J.*

It was heard by appeal from a Justice of the Peace. The facts are sufficiently stated in the opinion of the Court.

*Mr. W. W. Kitchin* (by brief), for plaintiff.
*Messrs. J. W. Graham* and *V. S. Bryant*, for defendant.

MacRae, J.: Section 832 of *The Code* provides that "the summons shall be issued by the Justice and signed by him. It shall run in the name of the State and be directed to any constable or other lawful officer, commanding him to summon the defendant to appear and answer the complaint of the plaintiff at a place, within the county, to be therein specified, and at a time to be therein named, not exceeding thirty days from the date of the summons. It shall also contain the amount of the sum demanded by the plaintiff."

Section 833, after directing how the officer shall execute the same, proceeds: "When executed, he shall immediately return the summons, with the date and manner of the service, to the Justice who issued the same."

The form of the summons prescribed in section 909, (No. 1,) commands the officer to summon the defendant "to appear before G. W. H., one of the Justices," etc., at a time and place specified therein, and concludes, "and have you then and there this precept with the date and manner of its service. Hereof fail not. Witness, our said Justice this ____ day of _____, 18___. G. W. H., Justice of the Peace."

Section 907 provides for the removal of all proceedings and trials from the Justice before whom the writ or summons is returnable to another, upon affidavit in certain cases.

By the law as it existed before the adoption of the Constitution of 1868, the leading process in civil actions before Justices of the Peace, then called a warrant, was returnable before "some Justice of his county," but this Constitution and the acts which have since been passed in relation to Justices of the Peace, largely increased their jurisdiction, and required them to make a record of the proceedings before them and to file the same with the Clerk of the Superior Court. Const., Art. IV., sec. 27; *The Code*, § 827. It was held in *Reeves* v. *Davis*, 80 N. C., 209, that a Justice's Court is not a court of record, as it was not under the old system, but the intention is evident in the present Constitu-

tion and laws to preserve a memorial of its proceedings, and give them a stability in keeping with its extended jurisdiction.  For this reason the Justices are required to keep a record, and to make their process returnable to the Justice who issues it.  In case of bastardy proceedings (section 32), and in summary proceedings in ejectment (section 1767), the summons may still be made returnable before some other Justice than the one who issues it, but in no other instances in civil actions of which we are advised.

This action, then, having been begun by the issuing of a summons by one Justice returnable before another, was properly dismissed by the Justice before whom it was returned, and upon appeal to the Superior Court should have been dismissed on motion.

This view of the case renders it unnecessary that we should examine the other exceptions.   There is

Error.