BRUCE WILLIAMS, TRUSTEE, et al v. PINKNEY RICH, et al.

*Action to Foreclose Mortgage — Agency — Evidence — Instruction to Jury— Usury—Agreement to pay Attorney's Fee in Case of Foreclosure of Mortgage.*

1. Where, in the trial of an action to foreclose a mortgage given to secure a note to mortgage company for money loaned to the defendants, the defence was usury and it appeared that the note was payable at Corbin Banking Company's office, that the deed was executed to one S. who represented himself as plaintiff's agent but that the loan was negotiated by one H. who sent the note and deed to the Corbin Banking Company which in return sent him $170 of which defendants received $157, and it also appeared from the testimony of H. that he was the agent of the Corbin Banking Company which, to his knowlege, was acting in the matter in connection with plaintiff Mortgage Company; *Held*, that it was proper to submit to the jury the question whether such Banking Company was the agent of the plaintiff Mortgage Company.

2. Where, in the trial of an action to foreclose a mortgage or deed in trust, the defence was usury and it appeared that the note given to plaintiff Mortgage Company was sent to Corbin Banking Company which remitted the money to its attorney who conducted the negotiations and who testified that the Banking Company and the plaintiff Mortgage Company were connected in the transaction, it was proper to instruct the jury that they should consider the whole evidence as to the agency of the Banking Company and that, if the latter acted simply as a broker who, at defendant's request, negotiated the loan from the plaintiff Mortgage Company and not as the agent of the latter company, the Plaintiff Mortgage Company was entitled to recover notwithstanding the exorbitant commissions charged but that if the Banking Company was the agent of the Plaintiff Mortgage Company, or even associated or connected with it in business and shared the profits of the transaction, the plaintiff was presumed to know of the usurious nature of the transaction and could not recover.

3. A stipulation in a note or mortgage for the payment by the mortgagor, or out of the proceeds of the sale, of attorney's fee in addition to the principal and interest of the note, is evidence of the usurious nature of the transaction.

CIVIL ACTION, tried before *Graham, J.,* and a jury, at August Term, 1895, of DUPLIN Superior Court. There was verdict for defendants and from the judgment thereon the plaintiff appealed. The facts sufficiently appear in the opinion of Associate Justice MONTGOMERY.

*Messrs. Shepherd & Busbee* and *H. L. Stevens,* for plaintiff (appellant).

*Mr. W. R. Allen,* for defendant.

MONTGOMERY, J.: The defendant executed his promissory note to the plaintiff (The American Freehold Land & Mortgage Co., of London, Limited) for $200 payable five years after date with interest at 8 per cent. payable annually. Though it was secured by deed of trust on land, it contained an attempt to waive the exemption provided

for by the Constitution in all the property the debtor had
or might thereafter acquire. The *note* provided that in
case the interest was not promptly paid, the unpaid inter-
est should bear interest, and also a provision that if it had
to be collected by suit all costs of collection, ten per cent
of the principal and interest, as attorney's fees, were to be
paid by the maker. The deed of trust was executed by
defendant and his wife to one J. K. Sherwood who repre-
sented himself to be the agent of the plaintiff in making
the loan upon a tract of land in Duplin county; and it
contained a provision that, in case foreclosure should have
to be made to collect the debt, all costs and expenses
thereof including a lawyer's fee of $20 should be paid out
of the proceeds. It provided further that the debtor
should pay *all taxes upon the land* during the loan, and on
the deed of trust *or the note secured thereby.* The note
was made payable to The Corbin Banking Co., at New
York City, and it together with the deed of trust was sent
by one W. L. Hill to the said Banking Company, upon
the reception of which that company sent to Hill $170 of
which sum the defendant received $157. The interest not
having been paid promptly, the plaintiff brings this action
to appoint a trustee in the place of one who has died, and
for a decree for a sale of the land under the terms of the
deed. The defendant admits the execution of the note
and deed and pleads usury, insisting that the plaintiff is
entitled to nothing but the money actually loaned to him,
$157 less $56 which he has already paid. After the testi-
mony was all in the plaintiff asked the court to give the
jury the following instructions: "That there was no suffi-
cient evidence to go to the jury to show that the Freehold
Company had any connection with the Corbin Banking
Company, or that Hill was the agent of the Freehold Com-
pany." The court declined so to charge and plaintiff

excepted. Two other exceptions were entered to certain parts of the charge, and, with the first, are sufficiently set out in the plaintiff's four assignments of error, the first two of which can be considered together and are as follows:

"1. For that the court erred in submitting to the jury whether or not the Corbin Banking Company were agents of the plaintiff, there being no evidence of such agency.

"2. For that the court erred in charging the jury that if the Corbin Banking Company were agents of plaintiff or even associated in business and sharing the profits with plaintiff, then plaintiff was presumed to have knowledge of the usurious transaction and could not recover, there being no evidence of such agency or association in business, the only evidence being to the contrary."

There was no error in his Honor's refusal to charge as requested by plaintiff, nor in the charge given in reference to the privity between plaintiff and the Corbin Banking Company, in submitting to the jury, whether or not the Corbin Banking Co. were agents of plaintiff. The testimony of the witness Hill was amply sufficient to be submitted to the jury on these points. Besides, the fact appeared in the note that it was to be paid at the Corbin Company's bank. He testified that the defendants agreed to pay the witness forty dollars out of the two hundred dollars; that he, witness, paid the defendant $157, and that the Corbin Banking Company, to whom he forwarded the note and deed of trust, sent him $170, and not $200; that he was its agent and that he knew it was acting with the plaintiff. The defendant as a witness for himself testified that Hill *came to him* and said that *he represented a company* for loaning out money on real estate at 8 per cent, and asked him if he wished to borrow, and witness told him he would take $200; that Hill went out and inspected

the land and said that he would let the witness have the money.

The third assignment of error is that "the court erred in selecting the witness Hill's testimony that he was agent of the Corbin Banking Company and knew it was sometimes acting with plaintiff, and failing to explain to the jury the capacity in which it acted." The witness Hill did not say that he knew the Corbin Banking Company was *sometimes* acting with the plaintiff, but on the contrary he testified that he knew it was acting with the plaintiff, though *it sometimes* did business with other parties. The jury concluded from that witness's testimony that almost the entire business of the Corbin Banking Company was with the plaintiffs and for them, and that when they did business with any other person it was the exception. His Honor's charge to the jury on the relation between the plaintiff and the Corbin Company as to their dealings and acting with each other was sufficient. He arranged the evidence and stated the contentions between the parties, and told them that if they believed from the evidence that the Corbin Banking Company were simply brokers, who at the instance of the defendant negotiated the loan with the plaintiffs and were not the agents of the plaintiffs, then the plaintiffs were entitled to recover no matter how exorbitant the commissions charged; but otherwise, if they believed the banking company were agents of the plaintiffs or even associated in business and sharing profits with plaintiffs, then plaintiffs were presumed to have knowledge of the usurious nature of the transaction and could not recover. There could be no reasonable objection to his Honor's instruction to the jury that they might consider Hill's testimony in arriving at their verdict. He did not say "if you believe him on this point your verdict will be for the defendant." He did not single out the testimony of one particular wit-

ness when there were others testifying to the same matter, and charge the jury that if they believed a particular witness they should find a certain way, as was done in the cases of *Jackson* v. *Commissioners*, 76 N. C., 282, and *Young* v. *Steamboat Co.*, 64 N. C., 399, and which this Court said was improper. He had already set forth the whole evidence and told the jury to consider it all in arriving at their conclusion.

The fourth assignment of error is that his Honor erred in charging the jury "that a stipulation in a note or mortgage in the event of default of payment of the note and interest, and said note should have to be collected by foreclosure of mortgage or suit in court, an attorney's fee should be due and payable by the maker of the note, in addition to the principal and interest, was evidence of the usurious nature of the transaction." There was no error in this statement of the law. In *Tinsley* v. *Hoskins*, 111 N. C., 340, it is held that a stipulation in a note "that in case this note is collected by legal process, the usual collection fee shall be due and payable therewith" in addition to legal interest, is against public policy and invalid. Such stipulations are in the nature of forfeitures and encourage litigation. They can readily be used to cover usurious agreements, and excessive exactions may be had under the guise of an attorney's fee. We do not mean to say that a reasonable and conscionable attorney's fee may not be charged for the negotiation of a loan for his client, the borrower, and taken out of the money loaned, nor is there any question here as to the costs of foreclosure, but that is not this case.

There was no error in the matters complained of, and the judgment is affirmed.

Affirmed.