CLARENCE EDWARDS ET AL. v. COMMISSIONERS OF GREENE COUNTY.

(Filed 15 December, 1915.)

1. **County Commissioners — Injunction — Discretionary Powers — Public Roads—Courts—Statutes.**

   The laying out and maintenance of the public roads or highways of a county are matters left largely within the discretion of the county commissioners, and, in the absence of express legislation to the contrary, they are not to be controlled by a vote of the localities affected, either informal or otherwise; and where it is shown that they have officially dealt with a question largely submitted to their judgment, their action may not be controlled or interfered with by the courts, unless it is established that there has been a gross or manifest abuse of their discretion, or it is made clearly to appear that they have not acted for the public interest, but in promotion of personal or private ends.

2. **Same—Township Bonds—Improper Use—General Averment.**

   Where the county commissioners have acted within the powers conferred on them by ch. 122, Public Laws 1913, establishing a scheme for the laying out, establishing and maintenance, etc., of roads for the different townships therein, and have accordingly issued bonds and expended most of the money on the township roads, they may not be enjoined at

the suit of the taxpayer from laying out and constructing an additional road, with the use of the money remaining on hand from the sale of the bonds, upon allegation, as to this particular road, that it was not for the public convenience, or that the majority of the voters were not in favor of it; and general allegation, without specific averment, that the commissioners were not acting for the public good, but for their own individual advantage, is insufficient to warrant the interference of the courts.

**3. Same—Notice to Landowners—Suit by Taxpayers.**

The county commissioners will not be enjoined from building a public road in a township of a county from the proceeds of the sale of bonds issued by virtue of ch. 122, Public Laws 1913, at the suit of taxpayers, because notice had not been given to landowners along the route proposed required by Revisal, secs. 2684, 2685; for these statutes were enacted for the benefit of individual landowners, whose rights as such are not involved in a suit of this character.

APPEAL by plaintiff from order dissolving restraining order by *Bond*, *J.*, heard at chambers 19 October, 1915; from BEAUFORT.

Civil action, heard on motion to dissolve a preliminary restraining order. The action was to restrain the defendant commissioners from spending certain moneys held by them, part of the proceeds of a bond issue for laying out, etc., the roads of a township, pursuant to ch. 122, Laws 1913. On considering the affidavits offered for and against the motion, the court entered judgment that the restraining order be dissolved, and plaintiff excepted and appealed.

*Y. T. Ormond and J. Paul Frizzelle for plaintiff.*
*L. I. Moore and J. A. Albritton for defendant.*

HOKE, J. Chapter 122, Public Laws 1913, establishes a scheme by which the roads of the different townships may be "laid out, established, repaired, graded, constructed and improved in any way," and provides for a bond issue for the purpose when authorized by a vote of the people of the locality affected; sec. 1 of the act providing, among other things, "That the bonds so issued by the commissioners of the county shall be paid by the township for which they are issued and shall not be chargeable against any property or polls outside of said township. The board of county commissioners, in performing the duties of issuing, selling and purchasing bonds or doing any other thing under this act, shall be deemed the agent of any township acting under this act."

On the hearing it was made to appear that, pursuant to this statute, there had been a bond issue of $20,000 for the purposes designated in Ormonds Township, Greene County, and the commissioners having expended a large part of the proceeds in the improvement of the township roads, had remaining in their hands near the sum of $1,200, and with this sum they were about to construct a new road taking a designated route in the township, when plaintiffs instituted the present action to restrain the commissioners from their purpose, under allegations made.

on oath, chiefly, that the new road was not needed and would not be for the public interest and benefit of the people of the township; that it was contrary to the will of the large majority of the citizens resident therein, and "third, that, as plaintiffs are informed and believe, the commissioners in laying out and constructing said road are deliberately and willfully disregarding their duties as public officers and violating the trust and confidence reposed in them, in utter disregard of the expressed will of the citizens and taxpayers of the township and for the purpose of promoting their own selfish and private interests and the interests of two or three landowners."

· It was further averred that, in laying out the proposed road, the commissioners had not pursued the course indicated and required by secs. 2684 and 2685 of Revisal, requiring that landowners along the route should be notified. In support of the allegation that the proposed road was against the will of the people of the township, it was alleged in one of plaintiff's affidavits that,. on an informal vote had on the question, there were 101 votes polled, and all of them, practically the entire voting strength of the township, were cast against the proposed road.

On the part of the defendants there was full and detailed denial of all the facts tending to show that the road was an improper undertaking, and of any and all allegations in impeachment of the motives of the commissioners; that, for various and sufficient reasons, specified in detail, the proposed road was necessary to the public interests of the township, giving them an outlet in times of high water across the low grounds of Contentnea Creek, which did not now exist and of which there was a great public need; that the matter had aroused great interest in the county and township and the commissioners had carefully looked over the routes and had caused the same to be surveyed and designated by a competent road surveyor, and that the route selected was by far the best way available to meet the desired need, and the same could be constructed and maintained at far less expense than any other suggested.

In reply to the alleged opinion of the township on the subject, the commissioners aver that the vote was not taken so as to give any intelligent or fair expression of the people, and, on the contrary, at a meeting of the board, after full discussion, and with a large attendance of persons interested, when it was announced that the proposed route would be selected, and objections and criticisms were called for, none were made, etc., and that the road meets a great need in the township and can be built and maintained within their means. On this, the evidence chiefly relevant, we are of opinion that his Honor made a correct decision in dissolving the restraining order.

Under our Constitution, and under the present statute more directly involved, the government of the county is vested to a great extent in the

board of county commissioners. *Wilson v. Holding, ante,* 352; *Board of Education v. Comrs.,* 150 N. C., 116. In the exercise of their powers and in the absence of express legislative direction to the contrary, they are not to be controlled by a vote of the localities affected, either informal or otherwise, and, whenever it is shown that they have officially dealt with a question lawfully submitted to their judgment, their action may not be controlled nor interfered with by the courts unless it is established that there has been a gross and manifest abuse of their discretion or it is clearly made to appear that they have acted, not for the public interest, but in promotion of personal or private ends. *Supervisors v. Comrs.,* 169 N. C., 548, 86 S. E., 520; *Comrs. v. Comrs.,* 165 N. C., 632; *Newton v. School Committee,* 158 N. C., 116; *Brodnax v. Groom,* 64 N. C., 244.

On this question, in the *Newton case, supra,* it was held: "The courts may not interfere with discretionary powers conferred on school committees in their administrations unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of the discretion conferred."

In *Supervisors v. Comrs., supra,* the *Chief Justice,* delivering the opinion, states the position as follows: "Courts can interfere in the purely administrative matter of which roads shall be repaired with public funds only when the administrative officials, to which the decision has been entrusted, indulge in such fraud or malversation as would call for indictment, or attempt such fraud as to clearly require that their future action be controlled to prevent the misappropriation of public funds for private purposes."

In this last case, which is more directly relevant and controlling on most of the questions presented, it was further held: "Under the Constitution and Sess. Laws 1905, ch. 714, entitled 'An act for the betterment of public roads of Pitt County,' the county commissioners are vested with the control of the county roads of such county, and, although the statute authorizes them to levy a special tax upon the property of each township annually, the fund to be collected to be used solely for the improvement of roads in the townships where it is collected, such provision does not deprive the county commissioners in favor of the township supervisors of roads of the power to determine which road, or what roads, in any given township from which a fund had been raised, shall be worked."

We were referred, on the argument, to *Stratford v. Greensboro,* 124 N. C., 127, in support of the position that, on the present record, the action of the commissioners could well be made the subject of judicial scrutiny and control, but in that case there was specific allegation with evidence tending to show that the action of the city authorities was in pur-

suance of a contract admittedly entered into with the individual defendant and making it, according to plaintiff's evidence, not at all improbable that the measure complained of was in promotion of a personal and private scheme, in favor of the individual defendant and not in furtherance of the public interests. In that case the allegations were specific and definite of issuable facts tending to establish official default, and bear very little resemblance to the allegations appearing in the present appeal. Here they are in such general terms that they hardly amount to a charge of misconduct; certainly they present nothing specific or definite tending to support the general averment, and are entirely insufficient to justify an interference with the official discretion vested in the defendants by law.

It was further insisted that, in laying out the proposed road, the requirements of Revisal, contained in secs. 2684, 2685, have not been complied with. Those sections were enacted in protection of the individual landowner along the route of the proposed road entitled to notice, and, so far as we can see, are not involved in the present appeal. This is a proceeding at the instance of plaintiffs as taxpayers, challenging the power of the county commissioners to act in the premises, and on the ground chiefly that they are not observing the will of the township voters; and we do not find in the record any allegations or evidence tending to show that the rights or privileges of individual landowners, as such, are in any way imposed upon or threatened.

There is no error, and the judgment of his Honor is
Affirmed.