LEAKSVILLE COTTON MILLS v. COMMISSIONERS OF ROCKINGHAM
COUNTY ET AL.

(Filed 25 October, 1922.)

1. **Highways—County Commissioners—Notice to Owner—Principal and Agent—Roads.**

   One who has an agent present before the board of county commissioners resisting the relocation of a county highway upon his lands has notice, implied from the agency, of the action of the board in taking his additional lands in determining the matter contrary to his contentions.

2. **Highways—County Commissioners—Discretionary Powers.**

   The judgment of the county commissioners in taking the land of one adjoining owner in preference to that of another in relocating and widening a highway will not be reviewed by the courts, unless bad faith or manifest abuse of discretion has been established, or it is clearly made to appear that the commissioners have acted in the promotion of some personal or private end, and not in the interest of the public.

3. **Same—Injunction—Evidence.**

   Where the plaintiff seeks injunctive relief against the commissioners of the county for taking additional land from him in the location of a public highway, and alleges that the commissioners have acted solely in the interest of an adjoining owner, which the commissioners deny, and there is no evidence to support the plaintiff's allegation, it is insufficient in impeachment of the action of the board, and a permanent injunction should be denied.

4. **Same—Contracts.**

   Where the board of county commissioners, acting within their sound discretion and for the public interest, have determined upon widening a public highway, in its relocation, so as to take in an additional width of the plaintiff's land, injunctive relief will not be granted the plaintiff upon the ground that it had entered on a contract with the commissioners, upon a consideration that the road should be located at a certain place when there is nothing in the contract to sustain such contentions, or to limit the powers of the board accordingly.

5. **Same—Surveyor—Principal and Agent.**

   The county engineer has no implied authority from the board of county commissioners, by virtue of his position, to bind it in the exercise of its reasonable discretion as to relocation or widening a county highway.

APPEAL by plaintiff from *Harding, J.,* at chambers, 30 March, 1922, from ROCKINGHAM.

Civil action to restrain the defendants from relocating a public road and thus taking approximately five feet of plaintiff's property, in alleged violation of the following contract:

"Whereas, the county of Rockingham has ordered the road from the canal bridge at the Danville and Western Railroad, near the Imperial

Bank and Trust Company building, in the town of Spray, to Dillon's store in said town, said road known as the Morgan Ford road, to be rebuilt, regraded, and paved with sheet asphalt, as per specifications of the county engineer; the said order being made upon conditions that the undersigned corporations, to wit, the Spray Water Power and Land Company and Leaksville Cotton Mills pay one-half of the cost of said work, and the said corporations having consented and agreed to do this:

"Therefore, this agreement made and entered into this 21 October, 1921, for and in consideration of the foregoing premises, the Spray Water Power and Land Company, a corporation duly chartered, and the Leaksville Cotton Mills, a corporation duly chartered, do hereby contract and agree with the county of Rockingham that if said county will proceed at once with the regrading and paving the said road in the manner as above set forth, that they will pay one-half of the cost thereof. The same to be paid as called for upon the estimates of the county engineer as the work on said road progresses.

SPRAY WATER POWER AND LAND COMPANY,
By E. V. Hobbs, *Asst. Treasurer.*
LEAKSVILLE COTTON MILLS,
By E. V. Hobbs, *Asst. Treasurer.*"

The road as originally located had the effect of closing the only driveway or outlet to the mill property of the Leaksville Woolen Mills, situate on the opposite side of the road from the plaintiff's property, and this was ordered to be changed on 9 November, as follows:

"At a special meeting of the board of county commissioners at Spray, the following members present: R. B. Chance, chairman; M. L. Heiner, James R. Martin, and R. J. Martin. It was ordered that the road between the Leaksville Cotton Mills and the Leaksville Woolen Mills be narrowed so as not to interfere with the present driveway of the Leaksville Woolen Mills."

Later, after again viewing the premises, the commissioners came to the conclusion that the road, as laid out by the engineer and as modified by the order of the board on 9 November, was not wide enough, either from the standpoint of service or safety, and at a meeting of the board on 5 December, 1921, the following resolution was passed:

"On motion of M. L. Heiner, seconded by R. J. Martin, it was ordered to make the street 5 feet wider opposite the drive of the Leaksville Woolen Mills, and on the side of the Leaksville Cotton Mills office in Spray, N. C."

In order to circumvent this resolution, C. R. McIver, who was acting for the plaintiff in the matter, at an early hour on the morning of 6 December, 1920, constructed an embankment on the side of the Leaks-

ville Woolen Mills, and this was ordered removed in the case of *Woolen Mills v. Land Co.*, 183 N. C., 511. See this case, also, for fuller statement of the facts.

On 6 March, 1922, the board passed a resolution ordering the contractor to go forward with the construction of the road at the point where it passes the property of the Leaksville Woolen Mills and the Leaksville Cotton Mills, and to construct it "five feet wider than the concrete just laid on the east side of said road where it passes said Leaksville Woolen Mills, beginning and ending at such point on the east side thereof as will make a proper road, and it shall be constructed on the west side thereof without interference with the driveway of the Leaksville Woolen Mills as it was when said road was first ordered built with asphalt." This order precipitated the present suit, summons having been issued 7 March, and the plaintiff seeks to enjoin the defendants from taking its property for the alleged reason that same would now be in violation of the above contract. The temporary restraining order was dissolved, and plaintiff appealed.

*Brooks, Hines & Smith for plaintiff.*
*Manly, Hendren & Womble for commissioners.*
*Johnston, Ivie & Trotter for construction company.*

Stacy, J., after stating the case: The general authority of the commissioners of a county to condemn land for road purposes is found in C. S., 3667. The plaintiff in the instant case had knowledge of the order directing the contractor to take the five feet of land in question, as its agent, C. R. McIver, was present at the meeting of the board on 5 December, 1921. The building of the road, in violation of this decision of the board of county commissioners, has been properly arrested. *Woolen Mills v. Land Co.*, 183 N. C., 511.

The judgment of the commissioners, with respect to the location and construction of the instant road, and particularly the determination of the board to take the land of the Leaksville Cotton Mills rather than close the only driveway or outlet to the property of the Leaksville Woolen Mills, will not be reviewed by the courts, unless bad faith or a manifest abuse of discretion has been established, or unless it is clearly made to appear that the commissioners have acted, not in the interest of the public, but in promotion of some personal or private end. *Edwards v. Comrs.*, 170 N. C., 451, and cases there cited.

True, the complaint alleges that several members of the board of commissioners are acting solely in the interest of the Leaksville Woolen Mills, but this is specifically denied by the individual members of the board, and the record is wanting in any sufficient evidence to support the

charge. The chairman of the board, who took McIver's view of these matters in the case of *Woolen Mills v. Land Co., supra,* is now acting in entire accord with the other members of the board in the present controversy.

The above general propositions are not controverted by the plaintiff, but it says the defendants are now proceeding in violation of their contract to locate the road "as per specifications of the county engineer." It is alleged that the location, as originally proposed, had been surveyed and staked out by the engineer at the time of the signing of the contract, and that such became a part of the inducement and consideration for its execution. This is denied by each and every member of the board of commissioners. They say there was no agreement for any particular location of the road, and that nothing was said in the negotiations pointing to this end.

But it is further alleged that the county engineer and C. R. McIver, prior to the execution of the contract with the commissioners, had an understanding as to the precise location of the road. This was not known to the commissioners, and it is denied that the county engineer was authorized to enter into any such agreement on behalf of the county or the commissioners.

Upon the record, plaintiff has failed to make out a case calling for injunctive relief; and we think the judgment dissolving the temporary restraining order should be upheld.

Affirmed.