WILLIAM P. RAGAN ET ALS. v. MARTHA E. RAGAN ET ALS.

(Filed 14 November, 1923.)

**Courts—Allowance—Attorney and Client—Attorney's Fees—Partition—Dower.**

In proceedings to partition lands held in common among the heirs at law of the deceased, including the question of dower and the claim of widow to be allowed a certain fee-simple interest by contract, the court is without authority to allow attorneys' fees as a part of the costs, there being no statutory provision to that effect (C. S., sec. 1244). The case differentiated from those wherein the employment of counsel was found necessary to protect the rights of infants represented by guardian in litigation, and other analogous cases.

APPEAL by plaintiffs from *Harding, J.,* at April Term, 1923, of GUILFORD.

Civil action. The material facts for the decision of this case are set forth in the case on appeal and are as follows:

"This action was commenced by summons issued by the clerk of the Superior Court of Guilford County, North Carolina, bearing date of 3 June, 1921, and returnable on 13 June, thereafter, and was brought for the partition between the plaintiffs and defendants, other than Martha E. Ragan, as tenants in common of between 700 and 800 acres of land. The said Martha E. Ragan is the widow of Amos Ragan, under whom the parties hereto claim the lands sought to be divided, and as such was entitled to dower.

"Some years prior to the institution of this proceeding Amos Ragan died intestate while a resident of Guilford County, and at the time of his death was seized of numerous tracts of land, aggregating between 700 and 800 acres, which upon his death descended to and vested in

W. P. Ragan and the parties hereto; that thereafter W. P. Ragan died intestate in the county of Guilford, leaving the three plaintiffs as his children and only heirs at law, and as such were entitled to an undivided one-tenth interest in the lands described in the complaint. The defendants answered, claiming that by an agreement between the defendants to this action and the said W. P. Ragan, father of the plaintiffs, that the defendant Martha E. Ragan, widow, was entitled to dower in all of said lands, and in addition thereto was entitled in fee to an undivided one-tenth part thereof. In consequence of the issues of fact raised by the answer, the case was transferred to the Civil Issue Docket of the Guilford Superior Court and came on for hearing before his Honor, James L. Webb, judge presiding, when a consent order was made, judging that the defendant Martha E. Ragan was entitled to dower in said land, and that the petitioners were entitled to a one-tenth interest in said lands in value, including improvements, etc., and without deducting from the value of said lands the dower interest of the defendant Martha E. Ragan, and remanding the case to be proceeded before the clerk of the court; that the assignment of dower to the said Martha E. Ragan was at the instance and request of the defendants, whose shares were affected thereby; that the clerk of the Superior Court of Guilford County appointed commissioners to divide said lands, who in turn, by an arrangement between the attorneys for plaintiffs and defendants, secured Junius A. Johnson as surveyor. Quite a long time was required in making said partition, for that all of some eleven or more tracts of land had to be surveyed, platted, etc., and boundaries and acreage had to be fixed. The commissioners did thereafter make a report, but the surveyor did not comply in one or two small matters with the instructions of the commissioners, and as a result the defendants filed exceptions, whereby the number of acres set apart to the plaintiffs were reduced some three acres; that after this correction had been made to comply with the direction of the commissioners, the defendants filed other and additional exceptions which were heard before the clerk on affidavits and oral argument, and from the action of the clerk confirming the report of the commissioners the defendants appealed to the judge; that these exceptions so filed by the defendant were heard by his Honor, Judge W. F. Harding, then holding the Superior Court of Guilford County, who approved and confirmed the judgment of the clerk in confirming the action of the commissioners; that the case was again remanded to the clerk, who entered judgment and taxed the costs to be paid, one-tenth by the plaintiffs and nine-tenths by the defendants, including the surveyor's bill for $243 and an allowance of $1,250 to J. Allen Austin and King, Sapp & King, attorneys for the petitioners, who instituted and conducted this proceeding from the

beginning, for their services as such attorneys. The defendants again filed exceptions before the clerk to the allowance by the clerk of the surveyor's bill, amounting to $243, and also to the allowance to the attorneys above named as a part of the costs of the action, and from the action of the clerk in making this allowance to the attorneys, and an order for the payment of the sheriff's bill, the defendants again appealed, and the matter came on for hearing before his Honor, W. F. Harding, at the April Term, 1923, of the Guilford Superior Court, when Judge Harding made findings of fact and his conclusions of law thereon, allowing the surveyor's bill, but, feeling that he had no power to make an allowance for the attorneys above named for their services, overruled the clerk, who had allowed their bill, and taxed same as a part of the costs."

The only exception and assignment of error by plaintiffs is to the ruling of the court below as follows: "The court being of the opinion that the item of $1,250 attorneys' fees is no part of the cost to be taxed, sustains the appeal in that respect and adjudges that the attorneys' fees shall not be taxed in the bill of cost for the reason that the court has no legal power to tax it. If it did have the legal power it would do so."

*J. Allen Austin and King, Sapp & King for plaintiffs.*
*R. C. Strudwick and C. C. Barnhart for defendants.*

CLARKSON, J. In the case of *Bridges v. Pleasants,* 39 N. C., 26, cited and approved at this term by *Hoke, J.,* in *Weaver v. Kirby, ante,* 387, the facts are that a good man, Stephen Justice, made his will and, after making certain bequests, directed, "After my will is complied with, after the above directions, it is my will that $1,000, if there be so much remaining, be applied to foreign missions and to the poor saints; this to be disposed of and applied as my executor may think the proper objects, according to the scriptures," etc. The plaintiffs filed a bill in equity, under the old practice, against the defendant executor, claiming that they were the testator's next of kin, and that the sum belonged to them as not being effectually given away. Hon. George E. Badger, the brilliant lawyer and statesman of his day, represented the plaintiffs. He argued that the *cy-pres* doctrine did not prevail in this State, as in England, and his clients, the next of kin, were entitled to the fund; that the gift to "foreign missions" and to the "poor saints" were too indefinite, and therefore void. Hon. John Manning, of blessed memory to his law students and all who knew him, in speaking of the *cy-pres* doctrine to his students, said that Mr. Badger argued to this Court that if they should decide against his clients and that the *cy-pres* doctrine did prevail in North Carolina, that he thought

the fund should go to the lawyers, that they were the "poor saints." The Court, by *Ruffin, C. J.*, held that the directions were too indefinite and void. Mr. Badger's clients obtained a decree for $1,000—the "poor saints" got nothing.

In the instant case, the court below was of the opinion that the $1,250 attorneys' fees is no part of the cost to be taxed, and that the court had no legal power to tax it. If it did have the power it would do so. We are of the opinion that the court below committed no error in not allowing the attorneys' fees.

The case of *In re Stone*, 176 N. C., 337, we do not think is applicable to this one. In that case the facts are "that Mrs. Stone, as administratrix, recovered $10,000 for the negligent killing of her husband. A controversy arose between her and her only child as to the division of this fund. In that action E. P. Stone, uncle of Thomas S. Stone, the infant, was appointed next friend by the court to protect the interests of the infant. In order to do so, he employed counsel to appear in the cause, which they successfully prosecuted to this Court, and thence followed it to the Supreme Court of the United States. Under the final judgment they recovered for the infant $6,500." *Brown, J.*, in that case said: "The *prochein ami*, or next friend, is appointed by the court to protect the infant's rights. It is essential that he have the assistance of counsel learned in the law. The infant has no power to contract as to fees, and in most cases is too young to understand such matters. Referring to the duty of the court in respect to infants, in *Tate v. Mott*, 96 N. C., 23, *Judge Merrimon* says: 'The infant is in an important sense under the protection of the court; it is careful of his rights, and will in a proper case interfere in his behalf and take, and direct to be taken, all proper steps in the course of the action for the protection of his rights and interests.' It would be very singular that the courts should assume the duty of seeing that all steps are taken to protect the infant's rights and yet deny to themselves the power to compel the payment of the necessary expenses out of the infant's estate recovered in the cause. While the next friend has the power to employ counsel to prosecute the action, and it is his duty to do so, he cannot make a binding contract for compensation. *Honck v. Bridwell*, 28 Mo. App., 644. The court may fix the attorney's compensation without regard to any contract. 14 Ency. P. and P., 1037, and cases cited; *Cole v. Superior Court*, 63 Cal., 87."

We do not think the cases cited in plaintiffs' brief—*Fortune v. Hunt*, 152 N. C., 715, and *Hinnant v. Wilder*, 122 N. C., 149—are applicable to the facts in this case. Nor do we think that section 1244 of Consolidated Statutes and subsection 7 thereof applicable, which are as follows: "1244. *Costs allowed either party or apportioned in discretion*

*of court.* Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court." "Subsection 7. All costs and expenses incurred in special proceedings for the division or sale of either real estate or personal property under the chapter entitled Partition." "Costs" or "All costs and expenses" does not include attorneys' fees. Attorneys must make contracts with their clients for their fees. The courts cannot do for them what they have not done for themselves. In the *Stone case, supra,* the infant could not contract, and the court made the allowance.

In *Bank v. Land Co.,* 128 N. C., 194, there was a provision in a note "with all costs of collection including 10 per cent attorneys' fees in case suit is necessary for collection." This was held contrary to public policy and void. *Williams v. Rich,* 117 N. C., 235; *Brisco v. Norris,* 112 N. C., 677; *Tinsley v. Hoskins,* 111 N. C., 340. A stipulation in a deed of trust for attorneys' fee was also held invalid. *Turner v. Boger,* 126 N. C., 302. "Attorneys' fees are not recoverable by successful litigants in this State, as such are not regarded as a part of the court costs." *Midgett v. Vann,* 158 N. C., 128; *Dolan v. Trust Co.,* 139 N. C., 214.

In *Knights of Honor v. Selby,* 153 N. C., 207, *Manning, J.,* says: "We do not think there was any error, however, in the ruling of his Honor, disallowing an attorney's fee to. the plaintiff to be paid out of the fund, and ultimately to be taxed against the unsuccessful defendant. We do not think such practice has obtained in this State. In *Gay v. Davis,* 107 N. C., 269, this Court said: 'There is no statutory provision in this State that has been brought to our attention, or within our knowledge, that prescribes or authorizes an allowance of compensation directly to the counsel of commissioners charged with a particular duty by an order of the court, or otherwise, or to counsel of trustees, whatever may be the nature of the trusts wherewith they may be charged. Nor is there any general rule of practice prevailing in courts that permits such allowance to be made. In the absence of statutory provision, the courts, in the exercise of chancery powers, make allowances to commissioners and trustees in appropriate cases, and such allowances are sometimes enlarged so as to embrace reasonable compensation to counsel of such commissioners or trustees, in cases where counsel is necessary to a proper discharge of their duties; but in such cases the courts are careful to see that the services were necessary, that the charges are reasonable and are charged against the proper parties.' " *Byrd v. Casualty Co.,* 184 N. C., 226; *Roe v. Journigan,* 181 N. C., 183; *Shute v. Shute,* 180 N. C., 389.

We find the law against the contention of the plaintiffs. The court below so held, and we can see no error.

Judgment affirmed.