MRS. MARY J. PARKER v. MECKLENBURG REALTY & INSURANCE COMPANY ET AL.

(Filed 23 May, 1928.)

**1. Pleadings—Complaint—Amendment—New Action.**

An amendment to a complaint in an action to set aside a conveyance of land for fraud is not substantially changed by an amendment allowed the plaintiff in the discretion of the trial court, to allege damages sustained and provable as directly resulting therefrom. C. S., 547.

**2. Same—Notice—Absence of Attorney.**

Notice of a motion to amend the complaint in a pending cause at term is not required to be given the defendant, and the absence of the defendant's attorneys from court at the time is not a good ground for exception to the allowance of the motion by the judge presiding.

**3. Attorney and Client—Attorney's Fees—Fees Not a Part of Costs.**

Attorney's fees and the personal expenses of an attorney in the litigation is not an element of damages recoverable by the plaintiff in his suit to set aside a conveyance of land for fraud.

CIVIL ACTION, before *Harding, J.,* at October Term, 1927, of MECK-LENBURG.

The facts are reported at length in the former appeal appearing in 192 N. C., p. 798. The plaintiff instituted an action against Thomas and Waggoner, partners, trading as the Mecklenburg Realty and Insurance Company, and others, alleging that the defendants devised a plan or scheme to cheat and defraud her and in pursuance of such scheme induced her to sign a note for $2,600 and a deed of trust upon her property securing said note, representing to her at the time that said deed of trust and note was a deed for her land which she was selling for $3,500. The present case was restricted to issues arising between the plaintiff and the defendants Thomas and Waggoner. The original complaint, after setting out the allegations of fraud, contained a prayer for relief to the effect that said note for the sum of $2,600 and deed of trust securing the same be declared null and void and stricken from the record in the office of the register of deeds of Mecklenburg County and for "such other and further relief as to the court may seem just and proper." Thomas and Waggoner did not appear at the present trial. At the trial the plaintiff, by permission of the court, amended the original complaint as follows: "By reason of the acts and conduct of the defendants as aforesaid plaintiff has been damaged in the sum of $2,600 together with interest thereon from 12 December, 1924. Wherefore, plaintiff prays judgment against defendant in the sum of $2,600 together with interest thereon from 12 December, 1924, until paid, the costs of this action to

be taxed by the clerk, and that the plaintiff have such other and further relief as to the court may seem just and proper."

Upon the complaint as amended the following issues were submitted to the jury:

1. Was the execution and delivery by the plaintiff of the note and deed of trust described in the complaint procured by fraud and misrepresentation of the defendants, Thomas and Waggoner, as alleged in the complaint?

2. What amount of damages, if any, is plaintiff entitled to recover of defendants, A. R. Thomas and L. A. Waggoner, on account of said fraud?

The jury answered the first issue yes, and the second issue $1,543.12.

*J. C. Newell and H. L. Taylor for plaintiff.*
*Cansler & Cansler for Merchants and Farmers Bank.*
*J. F. Flowers for defendants, Waggoner and Thomas.*

BROGDEN, J. Two questions of law are presented, to wit:

1. In an action to set aside a deed of trust upon the ground of fraudulent representation in the procurement thereof as a cloud upon title, is an amendment to the complaint at the trial, permitting the recovery of damages for the alleged fraud, within the power of the court?

2. Are attorneys' fees incurred in setting aside such an instrument upon the ground of fraud a proper element of damages?

The answer to the first proposition depends upon whether or not the amendment permitted by the court wrought such a change in the pleadings as to constitute substantially a new action or a cause of action wholly different from that set out in the original complaint. The statute C. S., 547, permits a trial judge in the exercise of his discretion to allow amendments in cases of this kind "when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceeding to the fact proved." The defendants, however, attack the amendment upon two grounds: First, that they did not attend the trial and had no notice of the amendment. Second, that the amendment substantially changed the cause of action set out in the original complaint.

The first ground of attack is untenable. This Court held in *Hardware Co. v. Banking Co.,* 169 N. C., 744, 86 S. E., 706: "It is well settled that no notice of a motion is required to be given to the adversary when the motion is made at a term when the cause stands for trial. Parties to actions are supposed to take notice of any motion that may be made in a cause when it is made during the terms of the court."

The second ground of attack is also untenable. "It is well settled that the court cannot, except by consent, allow an amendment which changes

the pleadings so .as to make substantially a new action, but it is also settled that an amendment which only adds to the original cause of action is not of this nature and may be allowed in the sound discretion of the trial judge." *Brown, J.,* in *Hardware Co. v. Banking Co., supra. Dockery v. Fairbanks,* 172 N. C., 529, 90 S. E., 501; *Currie v. Malloy,* 185 N. C., 206, 116 S. E., 564.

The cause of action stated in the original complaint was the fraudulent procurement of a note and deed of trust for $2,600. From the proceeds of said note and deed of trust the sum of $1,805.48 was paid for the benefit of plaintiff, but the balance amounting to $794.52 was neither paid to the plaintiff nor expended for her benefit. Certainly if a fraud was committed, she had a right to have the note and deed of trust in controversy declared null and void, and also to recover any damage which she suffered by reason of the fraud practiced upon her by the defendants. The amendment to the complaint, therefore, gave the plaintiff another legal ground for the collection of the same demand. The amendment did not substantially change the cause of action or set up a wholly different cause of action, nor change the subject-matter of the action or deprive the defendants of any available offense or interfere with any vested right.

We hold therefore that the amendment was within the discretion of the trial judge.

The second question relates to the action of the trial court in permitting the jury to consider as an element of damages attorneys' fees and traveling expenses of attorneys for the plaintiff. The right to recover attorneys' fees is discussed in the following cases in this State: *Hyman v. Devereux,* 65 N. C., 588; *Patterson v. Miller,* 72 N. C., 516; *Mordecai v. Devereux,* 74 N. C., 673; *Turner v. Boger,* 126 N. C., 302; *Bank v. Land Co.,* 128 N. C., 193, 38 S. E., 813; *Clark v. Lumber Co.,* 158 N. C., 139, 73 S. E., 793; *Donlan v. Trust Co.,* 139 N. C., 212, 51 S. E., 924; *Midgett v. Vann,* 158 N. C., 128, 73 S. E., 801; *Shute v. Shute,* 180 N. C., 389, 104 S. E., 764; *Roe v. Journigan,* 181 N. C., 183, 106 S. E., 562; *Byrd v. Casualty Co.,* 184 N. C., 226, 114 S. E., 172; *Ragan v. Ragan,* 186 N. C., 461, 119 S. E., 882.

The general rule is stated in *Ragan v. Ragan, supra:* "Attorneys' fees are not recoverable by successful litigants in this State, as such are not regarded as a part of the court costs." This rule has been applied to suits on promissory notes, breach of contract, personal injury and injunctions. The reason for the rule is well stated in *Stringfield v. Hirsch,* 94 Tenn., 425, 29 S. W., p. 609. "We think that the analogies of the law, as well as the soundest public policy, demand that counsel fees, in suits upon contracts, or for damages for torts, or upon attachments or injunctions, should not be regarded as a proper element of damages,

even where they are capable of being apportioned so as to show the amount incurred for the attachments and injunctions as separate and distinct from the other services necessary in the case. It is not sound public policy to place a penalty on the right to litigate; that the defeated party must pay the fees of counsel for his successful opponent in any case, and, especially, since it throws wide the doors of temptation for the opposing party, and his counsel, to swell the fees to undue proportions," etc. *Gordon v. Ky. Midland Coal Co.*, 278 S. W., 68; *Java Cocoanut Oil Co. v. Fidelity & Deposit Co.*, 300 Fed., 302; *Winkler v. Roeder*, 8 A. M. St. Reports, 155 (fully annotated).

The trial court erred in submitting to the jury as elements of damage, counsel fees and personal expenses of counsel, and for such error a new trial is awarded upon the issue of damages only.

Partial new trial.