In re Will of M. T. HOWELL.

(Filed 29 March, 1933.)

**1. Attorney and Client D a—Ordinarily attorney's fee may not be allowed as element of damages or costs.**

Ordinarily, counsel fees may not be included as an element of damages, nor allowed as a part of the costs in a civil action or special proceeding, although the court may under statutory or chancery powers allow attorney fees in certain instances where the attorney is appointed by the court.

**2. Wills D m—**

An order allowing fees for attorneys for caveators out of the estate pending further proceedings after a mistrial in the caveat proceedings is erroneous.

APPEAL by propounders and executor from *Sinclair, J.,* at November Term, 1932, of FRANKLIN.

Issue of *devisavit vel non,* raised by a caveat to the will of M. T. Howell, late of Franklin County, based upon alleged mental incapacity and undue influence, heard upon issue of mental capacity, which resulted in a mistrial; whereupon allowance out of the estate of counsel fees to attorneys for caveators was made over objection of propounders and executor, from which order they appeal.

*E. F. Griffin and Yarborough & Yarborough for propounders and executor.*

*W. L. Lumpkin and Thos. W. Ruffin for caveators.*

STACY, C. J. After probate in common form, a caveat was filed to the will of M. T. Howell, based upon alleged mental incapacity and undue influence. The matter was transferred to the civil issue docket for trial. The case was heard and a mistrial ordered when the jury failed to agree. There was evidence pro and con on the issue of mental capacity, but none to support the allegation of undue influence. From an order directing the executor to pay out of the estate counsel fees to attorneys for caveators pending further proceedings, the propounders and executor appeal.

Under the Revised Code of 1854, chap. 102, sec. 16, it was permissible to include certain attorney's fees, definitely fixed by the statute, as a part of the costs in civil suits, but this was repealed by chap. 41, Laws, 1879. *Clifton v. Wynne,* 81 N. C., 160. Accordingly, it may be stated as the general rule in this jurisdiction that counsel fees, as such, are not allowed as a part of the costs in civil actions or special proceedings.

*Ragan v. Ragan,* 186 N. C., 461, 119 S. E., 882; *Byrd v. Casualty Co.,*
184 N. C., 226, 114 S. E., 172; *Roe v. Journigan,* 181 N. C., 180, 106
S. E., 680; *Durham v. Davis,* 171 N. C., 305, 88 S. E., 433; *Midgett v.
Vann,* 158 N. C., 128, 73 S. E., 801; *Donlan v. Trust Co.,* 139 N. C.,
212, 51 S. E., 924; *R. R. v. Goodwin,* 110 N. C., 175, 14 S. E., 687;
*Gay v. Davis,* 107 N. C., 269, 12 S. E., 194; *Patterson v. Miller,* 72
N. C., 516; *Ralston v. Telfair,* 22 N. C., 414.

Speaking to the subject generally in *Mordecai v. Devereux,* 74 N. C.,
673, *Pearson, C. J.,* delivering the opinion of the Court, said: "This
Court has never interfered between attorney and client in making allow-
ance for professional services, and we are not inclined at this late day
to assume the power to do so. We make allowance to a clerk for stating
an account or to a commissioner for making sales, on the ground that
the work is done by order of the court. But we have never supposed that
we could be called on to settle fees between client and attorney, although
there be a fund in the keeping of the court."

Nor is it permissible ordinarily to award as an element of damages,
attorney's fees incurred in the course of litigation. *Parker v. Realty Co.,*
195 N. C., 644, 143 S. E., 254; *Knights of Honor v. Selby,* 153 N. C.,
203, 69 S. E., 51; *Hyman v. Devereux,* 65 N. C., 588.

A stipulation in a promissory note, mortgage, or deed of trust, author-
izing the collection of attorney's fees in the event of foreclosure or suit,
has been held to partake of the nature of a penalty or forfeiture, to
savor of usury, and to be contrary to the public policy of the State.
*Bank v. Land Co.,* 128 N. C., 193, 38 S. E., 813; *Turner v. Boger,* 126
N. C., 300, 35 S. E., 592; *Williams v. Rich,* 117 N. C., 235, 23 S. E.,
257; *Brisco v. Norris,* 112 N. C., 671, 16 S. E., 850; *Tinsley v. Hoskins,*
111 N. C., 340, 16 S. E., 325.

It is true, that in the exercise of chancery powers, or by express
statute, the court may make an allowance for attorney's fees as reason-
able expenses incurred by a personal representative, trustee, or person
appointed by the court for a particular purpose, as next friend or
guardian *ad litem* for an infant or insane person. In such cases the
amount to be paid does not depend upon the agreement of the parties,
but is within the control of the court. *In re Stone,* 176 N. C., 336, 97
S. E., 216; *Overman v. Lanier,* 157 N. C., 544, 73 S. E., 192; *Kelly v.
Odum,* 139 N. C., 278, 51 S. E., 953; *Graham v. Carr,* 133 N. C., 449,
45 S. E., 847; *Young v. Kennedy,* 95 N. C., 265; *Moore v. Shields,* 69
N. C., 50; *Mariner v. Bateman,* 4 N. C., 350; *Central Railroad v.
Pettus,* 113 U. S., 122; *Trustees v. Greenough,* 105 U. S., 527; *Harrison
v. Perea,* 168 U. S., 311.

The authorities on the precise question here presented are variant, as
will appear by reference to Annotations in 10 A. L. R., 783, and 69

A. L. R., 1052, where the whole subject is elaborately discussed. There seems to be no precedent in this jurisdiction for ordering an executor, pending the proceedings, to pay out of the estate counsel fees to attorneys for caveators. Nor is the authority supported in tendency by our decisions. They point in the other direction. The order appealed from will be stricken out or vacated.

Error.