RICHARD BOWMAN, EMPLOYEE, v. COMFORT CHAIR COMPANY, INC., EMPLOYER; LUMBERMENS MUTUAL CASUALTY COMPANY, CARRIER.

(Filed 1 November, 1967.)

**1. Costs § 4—**

Attorneys' fees are not ordinarily allowable as costs in civil actions or in special proceedings unless expressly authorized by statute.

**2. Master and Servant § 82—**

The Industrial Commission is a creature of the General Assembly and has only those powers and jurisdictions delegated to it by statute.

**3. Master and Servant § 96—**

   The Industrial Commission is without authority to award attorney's fees to a plaintiff's attorney as part of the costs, except in the instance, expressly authorized by G.S. 97-88, where the Commission finds that the hearing or proceeding on appeal is brought by the insurer and orders the insurer to make or continue payments of compensation to the injured employee.

**4. Same;    Costs § 3—**

   The Statute, G.S. 6-21.1, authorizing a presiding judge to award attorney's fees as part of the costs in any personal injury or property damage suit where the judgment is $1000 or less, is inapplicable in cases arising under the Workmen's Compensation Act.

APPEAL by plaintiff from *Riddle, S.J.,* April 1967 Civil Session of CATAWBA.

This case originated as a workmen's compensation action before W. C. Delbridge, a hearing Commissioner of the North Carolina Industrial Commission, and involved a medical bill for one trip to the doctor. The parties stipulated that on 16 September 1965, the date of the alleged accident, the parties were subject to the Workmen's Compensation Act and the carrier on the risk was Lumbermens Mutual Casualty Company.

Richard Bowman testified that he was an employee of Comfort Chair Company. During a ten-minute break, he purchased a Coke from a drink machine located on employer's premises. He opened it with the scissors which he used in performing his job. The bottle broke as he opened it and he cut his left thumb. The doctor took four stitches in his thumb. Bowman lost no time from work other than the trip to the doctor.

Bruce Teague, Secretary and Treasurer of Comfort Chair Company, testified that the drink machine and lounge area were furnished by the employer for use by employees during lunch and break periods. It was his experience that these features helped the work.

Plaintiff's attorney at the hearing orally requested that a reasonable attorney's fee be allowed him, to be taxed as a part of the costs.

Based on his findings of fact and conclusions of law, the hearing Commissioner's award provided (1) that defendants pay all medical expenses incurred by plaintiff as a result of his accident, (2) that an attorney's fee for plaintiff's attorney be arranged between plaintiff and said attorney, and (3) that defendants pay the costs.

For failure of the hearing Commissioner to award a fee to plaintiff's attorney as a part of the costs of the case, plaintiff appealed to the Full Commission, and from its adverse ruling appealed to the

Superior Court. The decision of the hearing Commissioner and the Full Commission was affirmed by the Superior Court, and plaintiff appealed to the Supreme Court.

*Williams & Pannell for plaintiff.*
*Hedrick, McKnight & Parham for defendants.*

BRANCH, J. The question presented by this appeal is: Does a hearing Commissioner of the North Carolina Industrial Commission have authority to award plaintiff an attorney's fee as part of the costs upon an initial hearing in a workmen's compensation matter?

The general rule in this jurisdiction is that counsel fees are not allowed as a part of the costs in civil actions or special proceedings. This rule is not applicable where the courts exercise chancery powers to allow compensation to aid trustees or fiduciaries in the management of estates or trusts, or where in certain cases a litigant at his own expense successfully maintains a suit preserving or increasing the common fund or common property. The rule, of course, does not apply when there is express statutory authority for fixing and awarding attorney's fees. *Patrick v. Trust Co.*, 216 N.C. 525, 5 S.E. 2d 724; *Parker v. Realty Co.*, 195 N.C. 644, 143 S.E. 254; *Ragan v. Ragan*, 186 N.C. 461, 119 S.E. 882; *In re Will of Howell*, 204 N.C. 437, 168 S.E. 671; *Horner v. Chamber of Commerce*, 236 N.C. 96, 72 S.E. 2d 21; *Rider v. Lenoir County*, 238 N.C. 632, 78 S.E. 2d 745.

The North Carolina Industrial Commission is a creature of the General Assembly and was created by statute, which is now G.S. 97-77.

"The Industrial Commission is not a court of general jurisdiction. It is an administrative board with quasi-judicial functions and has a special or limited jurisdiction *created by statute and confined to its terms*. Its jurisdiction may not be enlarged or extended by act or consent of parties, nor may jurisdiction be conferred by agreement or waiver." *Letterlough v. Akins*, 258 N.C. 166, 128 S.E. 2d 215; *Hart v. Motors*, 244 N.C. 84, 92 S.E. 2d 673.

G.S. 97-88 provides:

"Expenses of appeals brought by insurers. — If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this article, shall find that such hearing or proceedings were brought by the

insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of compensation to the injured employee, the Commission or court may further order that the cost to the injured employee on such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs."

Although the Commission is authorized to approve fees received by attorneys for services rendered in workmen compensation matters (G.S. 97-90), the only statutory authority to award fees as a part of the costs is contained in the above quoted statute. It is clear that this section of the statute is applicable only when such hearings or proceedings are *brought by the insurer and the court orders the insurer to make or to continue payments of compensation to the injured employee.*

The appellant attempts to invoke the aid of G.S. 6-21.1 which provided:

"Allowance of counsel fees as part of costs in certain cases. — In any personal injury or property damage suit, instituted in a court of record, where the judgment for recovery of damages is one thousand dollars ($1,000.00) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fees to be taxed as a part of the court costs."

(This statute was rewritten by the General Assembly effective June 27, 1967. However, the change in the statute does not affect the decision in this case.)

A cursory examination of this statute proves it not to be applicable in cases arising under the Workmen's Compensation Act. The statute refers to personal injury or property damage suits. The Workmen's Compensation Act makes no provision for property damage suits, and this Court has clearly distinguished the recoveries allowable in personal injury damage suits and payments received under the Workmen's Compensation Act in the case of *Branham v. Panel Co.*, 223 N.C. 233, 25 S.E. 2d 865, where the Court stated:

". . . 'Compensation,' in the connection in which it is used in the Act, means a money relief afforded according to the scale established and for the persons designated in the Act. (Citing cases).

"The statute provides no compensation for physical pain or discomfort. It is limited to the loss of ability to earn. 'The loss of his capacity to earn . . . is the basis upon which his compensation must be based. (Citing cases). It is only intended to furnish compensation for loss of earning capacity."

G.S. 6-21.1 provides that the allowance may be made in the discretion of the presiding judge. There is no provision in the Workmen's Compensation Act for presiding judges. Thus, it is evident that G.S. 2-21.1 refers to personal injury damage suits and property damage suits tried in a court where there is a presiding trial judge. This statute is not applicable.

The case of *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644, while not applicable to the Workmen's Compensation Act, is pertinent to this decision. In that case, the Court, in holding that a justice of the peace had no jurisdiction in an action for recovery of a statutory penalty of $50, plus attorney's fees, stated:

"The jurisdiction of a justice of the peace in this State is determined by the Constitution and statutes consistent therewith. Art. IV, sec. 27, N. C. Const. This Court so held in the case of *S. v. Jones,* 100 N.C. 438, 6 S.E. 655, which it is said: 'The jurisdiction thus conferred and that may be conferred is special — not general — and the officer is limited to the exercise of his authority by the regulations and methods of procedure prescribed by statute, subject to the constitutional provision. That is, a justice of the peace can only exercise the powers conferred upon him by the Constitution and statutes in harmony with it; his jurisdictional authority is not enlarged by principles of law applicable only to courts of general jurisdiction; nor can he adopt methods of procedure, or exercise his authority in cases not strictly allowed by law — he may do only what the statute allows him to do, and his official acts will be upheld, however informal, if they embody the substance of the thing or purpose intended.' . . . We know of no statute authorizing justices of the peace to fix and award attorneys' fees in any proceeding. Nor can it be held that a justice of the peace has the inherent or equitable power to fix and award such fees. A justice of the peace has no equitable powers, *Moore v. Wolfe,* 122 N.C. 711, 30 S.E. 120, and the inherent powers of a court do not increase its jurisdiction but are limited to such powers as are essential to the existence of the court and necessary to the orderly and efficient exercise of its jurisdiction. 14 Am. Jur., Courts, sec. 171, p. 370. Neither can it be held in this jurisdic-

tion that the award of attorneys' fees may be taxed as costs.
. . ."

Prior to the constitutional amendment of 1961, a justice of the
peace was recognized by the North Carolina Constitution (Article
IV, section 2) legislative enactment, and case law as a court. *Williams v. Bowling*, 111 N.C. 295, 16 S.E. 176. By its decision in
*Hopkins*, this Court held that a then-constitutionally created court
could not fix and award attorney's fees. *A fortiori*, such powers
would not reside in a statutory administrative board which is not
clothed with the inherent or chancery powers of a court.

We hold that, absent specific statutory authority, a hearing Com-
missioner of the North Carolina Industrial Commission does not
have authority to award a plaintiff's attorney a fee to be charged
as a part of the costs.

Affirmed.