## MUNSON v. STANDARD MARINE INS. CO.

(Circuit Court, D. Massachussetts. July 3, 1906.)

### No. 66.

1. INSURANCE—MARINE POLICY INSURING AGAINST LIABILITY FOR COLLISION OR STRANDING OF TOW—COSTS OF SUCCESSFUL DEFENSE.

Under the liability policy upon a tug set out in the opinion the insurer is not liable for the cost of a successful defense made by the tug in a suit to subject it to liability, which the insurer had declined to defend.

2. SAME—CONSTRUCTION OF POLICY.

In a policy insuring a tug against legal liability for loss or damage caused to its tows or other vessels through collision or stranding, a sue and a labor clause, authorizing the tug to make all reasonable efforts in and about the defense, safeguard, and recovery of such vessels. without prejudice, has no application to expenses incurred in defending the tug itself against a suit brought to subject it to liability.

At Law.

Carver & Blodgett, for plaintiff.
Carpenter, Park & Symmers and Edward S. Dodge, for defendant.

LOWELL, Circuit Judge. This was an action to recover upon an insurance policy, by which the defendant insured the plaintiff "on the steam tug Carbonero" for a year "against any loss or damage for which the said tug may become legally liable, caused by collision $^{and}$/$_{or}$ stranding, as hereinafter stated." The other material parts of the policy are as follows:

"This policy shall cover only the legal liability of the said tug for loss or damage and charges, as herein provided : First. When such legal liability of said tug shall have been incurred or caused by injury to any other vessels or crafts, their freights then being earned on cargoes on board of such vessels or crafts at the time of the disaster $^{and}$/$_{or}$ cargoes, by stranding $^{and}$/$_{or}$ collision while they shall be in tow of the said tug, either alongside or at the end of a hawser. Second. When such legal liability shall have been incurred or caused by the collision of the said tug with any other vessels or crafts not in tow of the said tug at the time. Third. When such legal liability shall have been incurred or caused by the collision of any vessels or crafts in tow of the said tug with any other vessels or crafts not in tow of the said tug at the time, and the said tug shall be legally liable in either case to pay any sum or sums in consequence of any damage caused by such collision to such vessels or crafts. their freights $^{and}$/$_{or}$ cargoes.

"The liability of this company is limited in all cases to the amount hereby insured, and is further limited to the amount of actual repairs to vessels rendered necessary in consequence of any disaster insured against, and to the actual loss or damage to cargo, which shall be valued at the cash market price thereof on the day of the disaster. and to the actual amount of freight lost in consequence of any disaster insured against ; and in no event shall the loss or damage or charges of any or all of them, either as to vessel or vessels,

cargo or cargoes, freight or freights, or all combined, exceed the amount hereby insured, and all losses shall be paid in the proportion which the amount insured bears to the value of the said tug, as expressed in this policy.

"This policy shall not cover any liability for loss of life, personal injury, demurrage, loss of use, detention, officers' or crew's wages, fuel or provisions, in any case or cases whatsoever.

"This policy shall not cover any injury or damage to the hull, machinery, engines, tackle, or fittings of the said tug, and shall not cover any injury or damage to any other vessel or cargo or freight owned wholly or in part by the insured.

"This company shall not be liable for any loss or damage under this policy, unless the liability of the said tug for such loss or damage shall have been first determined by a suit at law or otherwise, if this company shall so elect; and in case legal counsel shall be employed in defending any proceeding to test the liability of the said tug, the same shall first be approved in writing by this company.

"All claims paid under this policy shall reduce any further liability thereunder to the extent of the sum or sums so paid, unless the amount be made good by additional insurance and additional premium paid therefor.

"The insured must give this company prompt notice of any disaster causing loss or damage, and a failure to give such notice shall discharge this company from any liability for loss or damage under this policy.

"It shall be lawful and necessary for the insured, his, her, or their agents, factors, servants, and assigns, to sue, labor, travel for, and make all reasonable efforts in and about the defense, safeguard, and recovery of such vessels, crafts, and cargoes, or any part thereof, without prejudice to this insurance, and the acts of the insured or this company or their agents in recovering, saving, and preserving the property in case of disaster shall not be a waiver or an acceptance of an abandonment, or as affirming or denying any liability under this policy, but such acts shall be considered as done for the benefit for all concerned, and without prejudice to the rights of either party."

"The insured, as a part consideration for this insurance, agrees and expressly warrants:

"First. That the said insured shall in no way or manner do anything or consent to any act or agreement which shall in any way admit any liability in any matter connected with this insurance to the prejudice of this company without its consent in writing, and that any attempt so to do shall render this policy and all claims thereunder absolutely void."

Two barges in charge of the Carbonero had been anchored by the tug. They were lost under the circumstances described in 106 Fed. 329, 45 C. C. A. 314. The Carbonero was libeled for their loss, but the libel was dismissed. 122 Fed. 753, 58 C. C. A. 553. The suit at bar was brought to recover the legal expenses, including counsel fees, incurred in behalf of the tug in the proceeding in admiralty just mentioned. The defendant denied liability altogether, and the case was tried without a jury upon an agreed statement of facts. Only one defense made to the action need be considered here, viz., that the costs and charges which the plaintiff sued to recover were incurred in a suit wherein the tug was at length exonerated from blame.

The question presented is this: In a policy of insurance against liability like that here in question, is the insurer liable for the cost of a successful defense? I think not. Ambiguous expressions in the policy should be construed against the insurer, but the defendant's liability must be based upon an interpretation of the contract entered into by the parties, and not upon another contract which the plaintiff might have reasonably desired. The policy in dispute is expressed to indemnify the plaintiff "against any loss or damage for which the said tug may become legally liable, caused by collision $^{and}/or$ stranding,

as hereinafter stated." Evidently the "loss or damage" referred to is not loss or damage to the Carbonero, but loss or damage to some other vessel, for which damage the Carbonero is liable. If the tow is stranded by vis major, so that the tug is not liable for the damage done to the tow, costs incurred in defending the tug against a claim for damage are not caused to the tug by the stranding, but by the misguided energy of a libelant without a case. It can make no difference whether the successful defense made by the tug is a denial of the stranding altogether, or a denial of the tug's liability for it. Moreover, the insurer's liability, stated generally, as above, is later defined more particularly. "This policy shall cover only the legal liability of the said tug for loss or damage and charges as herein provided." The plaintiff contends that he is entitled to recover by reason of the word "charges." Even if this word may cover some legal expenses, yet these expenses, to be recoverable here, must be "charges as herein provided," viz.:

"First. When such legal liability of said tug shall have been incurred or caused by injury to any other vessels or crafts, their freights then being earned on cargoes on board of such vessels or crafts at the time of the disaster and/$_{or}$ cargoes, by stranding and/$_{or}$ collision while they shall be in tow of the said tug, either alongside or at the end of a hawser."

The second and third clauses are manifestly inapplicable here, and that there was no legal liability on the part of the Carbonero for the damage done to the barges is now res judicata. As the plaintiff must bring himself within this clause in order to recover, his suit fails.

Other clauses of the policy confirm the interpretation thus put upon it. The defendant's liability is further and independently limited "to the amount of actual repairs to vessels rendered necessary in consequence of any disaster insured against." This is not an action for the cost of repairs. Again:

"This company shall not be liable for any loss or damage under this policy unless the liability of the said tug for such loss or damage shall have been first determined by a suit at law or otherwise, if this company shall so elect, and in case legal counsel shall be employed in defending any proceeding to test the liability of the said tug, the same shall first be approved in writing by this company."

The "suit at law" has decided that the tug was not liable, and, furthermore, this clause seems intended to protect the defendant from liability for legal expenses, unless incurred with its consent. If the plaintiff believed that the tug's liability, alleged in the libel, was within the terms of the policy, he should not have incurred expense in defending the tug, and should not have opposed a decree against it. A decree thus obtained was a risk which the defendant took by declining to defend the suit in admiralty. The plaintiff, indeed, had agreed not to admit his liability for damage, but he had not agreed to contest a suit brought against the tug.

It is to be noticed that each of the limitations above referred to sets out independently exclusive conditions of the defendant's liability. To recover the plaintiff must bring himself within each and all of these limitations, not merely within some one of them. This appears from the introductory words of the several clauses: "This policy shall cover

only," etc. "The liability of this company is limited in all cases to," etc. "This company shall not be liable unless," etc. Doubtless the policy should receive a reasonable construction as a whole, but the court is not justified in disregarding any condition of liability stated; still less may it disregard these conditions when they all agree in excluding the defendant's liability in the case at bar.

Plaintiff relies upon the "Sue and Labor Clause," so called. In Cunard Steamship Co. v. Marten (1903) 2 K. B. 511, the Court of Appeals held that the ordinary "Sue and Labor Clause" was inapplicable to a contract of liability insurance, and so, being a meaningless survival, might be neglected. If, on the other hand, the clause be given its full meaning as an independent provision, it is concerned with the defense and safeguard of vessels other than the tug, and so does not aid the plaintiff.

The cases which have construed policies of this sort are few, and none of them are precisely in point. In Xenos v. Fox, L. R. 4 C. P. 665, and in Cornell v. Travelers' Ins. Co., 175 N. Y. 239, 67 N. E. 578, the court held that the expenses of a successful defense could not be recovered under a liability insurance policy. In those cases the policies were not precisely like that here in question, but the reasoning of the courts was largely applicable. In Egbert v. St. Paul Ins. Co. (D. C.) 92 Fed. 517, the costs recovered were those of a suit in which the liability of the insured had been established.

There must be judgment for the defendant.