This action was brought on a policy of insurance to recover a loss alleged to have been sustained by the plaintiff. In October, 1907, Walter H. Briscoe was injured by falling into a sunken tub or shallow well of hot water on the land of J. H. Bridgers, in Henderson, N.C. a narrow strip of land four feet wide between the Henderson Amusement Company building or theatre and the land of the Henderson Lighting and Power Company. The well was located and placed by the amusement company for its own purposes when its theatre was erected, about one year before the accident. The well was placed touching the building and immediately under a window of the building to a room which was used as a dressing-room of the theatre. The well was under the exclusive control of the amusement company. The power company *Page 226 
had no concern, no duty and no responsibility in respect to it. (277) It was not in possession of it, and did not use it for any purpose. At the time of the accident it was covered over with loose boards. There was an open space between the strip on which the well was located and the building of the power company, which open space was the property of the power company, and is about eighteen feet wide. This space is not fenced in, but opens on Spring Street. Briscoe had been upon the open space belonging to the power company before, and had been ordered off by this company.
From Spring Street, opposite said space, the machinery or boilers or furnaces of the power company are not visible. From the well, where the accident happened, none of the machinery, furnaces or boilers are visible. Briscoe, at the time of the accident, was at the well, which is directly under the window of the amusement company, peeping in at the window, and he fell in the well and was injured. There was no evidence that Briscoe was invited to go upon the land of the Henderson Lighting and Power Company, or that he was allured, attracted or induced to go there by the machinery of this company. There is no evidence that he went on the premises in order to view the machinery, and there would have been no danger to him in viewing the machinery through the door or window. Briscoe was not even a licensee; he was a trespasser at the time of the accident. The power company owed him no duty in respect to the well. He was a youth thirteen or fourteen years old, bright, intelligent and bad. The public were in the habit of using the open space between the two buildings, and this was alleged by Briscoe in his amended complaint. Briscoe brought suit against the power company to recover damages for the injury, and this Court sustained a demurrer to his complaint and held that, according to the facts, as stated in the complaint, no legal liability of the power company to Briscoe had been alleged (148 N.C. 396). Briscoe amended his complaint, and the power company again demurred. This demurrer was overruled, with leave to answer over, and an appeal taken, but not prosecuted. The power company thereupon (278) compromised and settled Briscoe's claim by the payment of $100 and the costs, and brings this action to recover the same and $500 for counsel fees, alleging that the settlement with Briscoe was a perfectly reasonable one, and was made after the casualty company had been notified to defend the suit, and had refused to do so upon the ground that the power company had failed to give notice of the claim and to comply with the other requirements of the contract respecting suits brought against it. The $100 and the costs were paid by the power company before this action was commenced, but no counsel fees had been paid. The policy of insurance provides as follows: *Page 227 
1. The defendant will indemnify the plaintiff. against loss from liability imposed by law upon the assured for damages on account of bodily injuries or death accidentally suffered while this policy is in force, by any person or persons not employed by the assured while at or about the work of the assured, described in the schedule, during the prosecution of the said work at the place or places described in the schedule, subject to the following conditions:
2. Upon the occurrence of an accident, the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the company's home office or to the company's authorized agent.
3. If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the company's home office every summons or other process as soon as the same shall have been served on him, and the company, at its own cost, will defend such suit in the name and on behalf of the assured, unless the company shall elect to settle the same or to pay the assured the indemnity provided for in Condition A hereof.
4. The assured shall not voluntarily assume any liability nor shall the assured, without the written consent of the company previously given, incur any expense or settle any claim except at his own cost.
5. No action shall lie against the company to recover for any loss under this policy, unless it shall be brought by the assured for loss actually sustained and paid in money by the assured in (279) satisfaction of a judgment, after trial of the issue, nor unless such action is brought within ninety (90) days after such judgment, by a court of last resort, against the assured, has been so paid and satisfied.
The defendant moved for judgment of nonsuit upon the evidence, which was overruled and the defendant excepted. It was agreed that, subject to this exception, a jury trial should be waived, and that the court should find the facts and answer the issues in the case. This was done, and the facts, as stated herein, are selected from the findings of the court as those which are essential to a decision of the case, in the view taken of it by this Court. The Court concluded, as matters of law, that the Briscoe claim is covered by plaintiff's policy and that, by denying liability in its answer, the defendant had waived its right to notice of the Briscoe claim" and to a judgment after trial in his action. Judgment for the amount of the compromise, attorney's fees and costs ($370) was rendered for the plaintiff, and the defendant appealed.
After stating the case. The general rule of construction applied by the courts to all contracts of insurance is that while, like other contracts, they should be so construed as to give effect to the intention of the parties, yet where there exists any doubt as to that intention, it is always to be resolved strictly against the insurer and in favor of the insured. Vance on Insurance, 429. When, however, the intention is clearly stated, it should be enforced according to the will of the parties as thus expressed, for in such a case there is no room for construction. The terms of the policy in question are, we think, free from any doubt or ambiguity. The defendant undertook to indemnify against loss from the liability imposed by law upon the assured (the plaintiff), for damages on account of bodily injuries accidentally suffered by any person not employed by (280) the assured, while at or about the work of the assured and during the prosecution of the said work at the place described in the schedule. We have held, after careful consideration of all the essential facts, that the power company is not liable in damages for the injuries to Walter Briscoe, resulting from his fall in the vat. Briscoe v. PowerCompany, 148 N.C. 396. The facts, as no presented to the Court, are much stronger against his right to recover than those which we formerly considered. The clause of the policy by which the defendant agreed to defend any suit brought against the assured, refers explicitly to a suit brought "to enforce a claim for damages on account of an accident covered by the policy," and in order to determine whether the casualty company was under any duty or obligation to defend the Briscoe suit, we must first ascertain whether the law imposed a liability upon the power company for the accident to him, for if it did not, his claim is plainly not covered by the policy, as it refers to a claim founded upon a liability imposed by law, and not to false or fictitious claims. The indemnity is against loss from liability, and it would be stretching, if not perverting, the meaning of the words to extend the application of them to all suits and require the casualty company to defend them, without regard to the legal liability of the assured. An accident covered by the policy is one for which the assured is liable under the law, for it is so expressly stated in the policy. If, therefore, the casualty company refused to defend the Briscoe suit for any reason, it can not be held liable for the expense of a defense or settlement made by the insured, unless in some way it is made to appear that the latter was liable to Briscoe. The question has been considered and decided in a case substantially identical with ours in all of its features. In Cornell v. Insurance Co., 175 N.Y. 239, the Court, after deciding that if the injuries did not occur under such circumstances as to impose a legal liability upon the *Page 229 
insured therefor, they are not within the protection of the policy, thus refers to the duty of the indemnity company to defend suits: "In the next clause of the policy, the defendant became obligated to defend certain actions when brought against the plaintiff. If the defendant was bound by the contract to defend the eleven suits referred to, or any of them, there would be a legal basis for a recovery (281) in this action to the extent of the expenses incurred by the plaintiff in making a defense which the defendant had agreed to make. But the cases which the defendant was bound to defend are carefully defined and limited by the terms of the policy. That obligation is limited to `claims made against the insured and covered by this policy.' The defendant did not stipulate to indemnify the plaintiff against the costs and expenses of defending himself against fictitious or groundless suits. The protection afforded to the plaintiff by the policy was against some actual legal liability directly occasioned by his business operations." And again: "If the injuries embraced in the eleven suits were not covered by the indemnity clauses of the policy, and yet the defendant had assumed the obligations to defend it must follow that it has assumed the obligation to defend suits for injuries not covered by the policy. That proposition must be maintained in order to hold the defendant liable for the claims in question. It can be maintained only by disregarding the plain words of the policy or adding to them some qualification that the parties did not express in words. The suits that the defendant stipulated to defend are very clearly defined in the contract. In the first place, they are defined as suits for injuries covered by the policy, and all agree that the injuries upon which the eleven suits were based are not, and none of them were, injuries of that character. On the contrary, they are admitted to be injuries not included in the policy at all, since no liability was imposed upon the insured in consequence. In the second place, they were defined as suits which the defendant should fail to settle or pay the damages claimed therein, and surely no one will claim that the defendant assumed any obligation to settle or pay false or unfounded claims. The obligation to defend is expressly limited to cases where the insured was liable upon the facts and circumstances of the accident causing the injury. If such facts and circumstances did not exist and were not susceptible of proof, then the defendant could ignore the suits, as it did." Cornwell v. InsuranceCo. has been cited with approval in several cases. In the recent case of Wesson v. Casualty Co., 201 Mass. 71, an action upon a policy similar to the one now being considered, the Court held that the principal agreement of the defendant was to indemnify the plaintiff (282) against loss from actual legal liability for damages, on account *Page 230 
of accidental injuries of the kind described in the policy, but the averments of the declaration tended to show that there was no such liability on the part of the plaintiff for the accident in question, and as there was no averment of the existence of such a liability, it was plain that the plaintiff could not recover. It was also held that the clause as to defending suits was inserted for the benefit of the insurer, and that if it elected not to defend, its liability under the provision for paying indemnity is not enlarged, but remains unchanged. To the same effect areMunson v. Insurance Co., 145 Fed., 957, Affirmed 156 Fed., 44 Xenosv. Fox, L. R., 4 C. P., 665; Lawrence v. Ass. Corporation,192 N.Y., 568; Creem v. Casualty Co., 132 N.Y. Supp. Ct. (App.Div.) 241;Morette v. Bostwick, 127 A.D. (N.Y.), 702. In Creem v. Casualty Co.,supra, the Court decided that in an action on a policy indemnifying an employer against damages for personal injuries, the insured is not entitled to recover the expenses incurred in successfully defending an action brought by the person injured, when the policy covered only claims for which the insured was legally liable. The most recent case on the subject is White v. Casualty Co., 139 N.Y. App. Div., 179, where it appears that the policy was issued by the defendant in this case, and the suit of the person injured against the insured was settled out of court. The action was brought by the insured to recover the amount of money paid in compromise and for expenses. The Court held that the insurance company was not compelled by its agreement to defend an action against the insured, unless the latter were legally liable to the plaintiff therein. The two cases are identical and the following language, taken from the opinion in that case, states succinctly the true principle applicable to them, as established by the authorities: "The contention that `a party indemnified may hold its indemnitor for money paid for a prudent settlement' ignores the fact that a legal liability on the part of the person indemnified must exist, and the amount paid must be reasonable. A party so paying assumes the risk of being able to prove the facts upon which (283) his liability depends, as well as the reasonableness of the amount which he pays. Dunn v. Paving Co., 175 N.Y. 214 218. This being the rule, it is necessary that facts tending to show such conditions be pleaded." A demurrer was sustained because it did not appear from the complaint that the plaintiffs were legally liable to the person injured. The decision goes beyond what it is necessary to decide in this case, for it is there held that, by the terms of the policy, the legal liability of the insurer must rest upon a judgment in the action rendered against the insured, after trial of the issues.
The plaintiff relies upon Beef Co. v. Casualty Co., 201 U.S. 173, but that case is easily distinguished from this one, if the latter part *Page 231 
of the opinion does not directly sustain our ruling. There, as stated byJustice Holmes, who delivered the opinion of the Court, "the fact was that the driver was an employee of the plaintiff and the accident and damages were, therefore, covered by the policy." It was, of course, the duty of the indemnity company to defend such a suit. The sixth question asked by the lower court was as follows: "Under the terms of the policy may the liability of the assured to the injured person and the extent of that liability be litigated. in the first instance in an action between the assured and the assurer, where the assurer has denied its liability under the policy and has refused to defend an action brought against the assured by the injured person?" It was answered in the affirmative, with this qualification or comment, "so far as the question is warranted by the facts set forth," evidently referring to the admitted fact that the assured was liable to the injured person as, perhaps, rendering an answer to the question unnecessary to a complete disposition of the case. The answer, though, shows that in the opinion of the Court, it is necessary, at some stage of the controversy or of the litigation between the parties, to establish the fact of such liability as a condition precedent to the insured's right of recovery against the insurer.
In Richards on Insurance section 481, the general rule is stated to be that the insured must show a liability on account of an injury covered by the policy, in order to maintain an action against the insurance company. See also Davidson v. Casualty Co., 197 Mass. 167; (284)Woodman v. Casualty Co., 87 Mo. App. 677; R. R. v.Insurance Co., 180 Mass. 263; Horse Car Co. v. Fidelity Co., 160 Pa. St., 350; Biays v. Insurance Co., 7 Cranch, 415.
Even if the view suggested by the plaintiff be an equitable one, and it admits of grave doubt, we can not adopt it, as the parties have not so contracted and we can not do it for them. We have nothing to guide us but the words of a plainly expressed agreement which must be interpreted as the parties evidently intended it should be.
It is unnecessary to answer the other questions, whether the defendant waived the notice of the claim of the injured person required to be given to it, and whether the liability of the insured to such person must first be fixed by a judgment against the insured, followed by payment of the judgment, before the insured can recover of the indemnity company, or whether compliance with that provision was also waived by the company when it refused to defend.
The injury to Briscoe was not one of the kind insured against by the defendant, as he was not entitled to recover damages on account of a bodily injury accidentally suffered by him while at or about the work of the assured, during the prosecution of said work, as described in *Page 232 
the schedule annexed to the policy. The defendant was not, in law or in fact, responsible for the injury to him, even in the slightest degree, and he was not "at or about the work of the assured," within the evident meaning of those words, when he was injured. There was no causal connection between the "work" of the power company or its prosecution, and the injury to the boy. Briscoe v. Power Co., 148 N.C. 396.
We are, therefore, of the opinion that the indemnitor, not being answerable for the principal loss in this case, can not be so for the subsequent damages, costs and expenses paid in the settlement of the suit between Briscoe and the plaintiff. The defendant was not bound to defend a suit upon a claim not within the terms of its policy, and especially so in the case of a groundless claim. If not required to defend, it can not be charged with the costs and expenses of a defense, or of a settlement made by the assured for its own benefit, (285) however reasonable that settlement may be. To hold otherwise, would impose upon the defendant a liability which it not only has not assumed by its contract with the assured, but which, by the very terms of the policy, is excluded therefrom. The costs and expenses incurred in defending against Briscoe's claim for damages were not the result of any legal wrong done by the power company to him for which it is indemnified, but of the claim for damages pressed with commendable zeal, but misplaced confidence, by a plaintiff without a case, which would surely have judicially appeared if the power company had not settled, but defended to the end. Plaintiff was in no danger of an adverse judgment after our decision in the Briscoe case. Briscoe achieved partial success by the weakening of the plaintiff when it should not have been dismayed by the continued prosecution of a claim, which a little more reliance upon the former decision of this Court should have convinced it was without merit.
Upon the facts found by him, the learned judge, "sitting as a jury," should have instructed himself differently as to the law and answered the second issue, "Was the said claim (of Briscoe) covered by plaintiff's policy?" in the negative, but as there is no evidence to sustain the plaintiff's cause of action, viewing the testimony in the most favorable light for him, the nonsuit should have been allowed and the action dismissed. Judgment to that effect will be entered in the court below.
Reversed.
Cited: Lowe v. Fidelity Co., 170 N.C. 447. *Page 233