QUEEN CITY COACH COMPANY v. LUMBERTON COACH COMPANY.

(Filed 24 November, 1948.)

**Indemnity § 2c—**

Plaintiff coach company authorized defendant coach company to operate under its franchise with proviso that defendant should indemnify and save harmless the plaintiff from any and all loss or damage occasioned by the operation of motor vehicles of the defendant. *Held:* The indemnity agreement does not cover attorneys' fees and expenses expended by plaintiff in aiding in the defense of suits arising out of an accident in the operation of defendant's bus over the franchise route, it not being alleged that plaintiff was called upon or required to defend or that defendant failed to pay all damages and costs growing out of the suits.

APPEAL by plaintiff from *Patton, Special Judge,* April Term, 1948, of MECKLENBURG. Affirmed.

Suit to recover on a contract of indemnity.

Plaintiff alleged that by contract plaintiff authorized defendant to transport passengers under plaintiff's franchises over certain state highway routes, with proviso that defendant should "indemnify and save harmless the party of the first part (plaintiff herein) from any and all damages or loss occasioned by the operation of motor vehicles of the party of the second part (defendant herein) over the franchise routes of the party of the first part." Defendant agreed to carry liability insurance in accordance with the rules of the Utilities Commission. It was alleged that while defendant was operating under this contract one of defendant's buses was involved in a collision in which four persons were killed and fifteen others injured, and that suits for damages growing out of this collision were instituted against defendant, and that in four of these suits the plaintiff herein was made party defendant along with the present defendant, and that plaintiff, doubting the adequacy of defendant's liability

insurance and in view of its limited assets, employed counsel to defend these suits and was caused to expend therefor $8,374.92, and that demand for reimbursement therefor has been refused.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that the complaint does not allege any damages have been assessed or paid by the plaintiff, or that any loss has been occasioned by the operation of defendant's motor vehicles, but that the only claim is for the fees and expenses of attorneys employed by plaintiff in defending these suits against defendant and plaintiff; that the complaint does not allege that defendant failed to carry liability insurance in accord with the regulations of the Utilities Company, or that defendant was called upon to defend or that the contract provided for defense of suits or payment of attorneys' fees, or that the suits were not properly defended, or that any judgment had been recovered against the plaintiff, or that defendant had failed to pay all damages and costs adjudged in connection with the suits referred to.

The demurrer was sustained, and plaintiff excepted and appealed.

*Shearon Harris* for plaintiff, appellant.
*McKinnon & Seawell* for defendant, appellee.

DEVIN, J.    This was a suit to recover under the indemnity clause in a contract between the two coach companies whereby the defendant Coach Company was given authority to operate motor buses over certain franchise routes of the plaintiff Coach Company, with provision in the contract that defendant should indemnify and save harmless the plaintiff from any and all damages or loss occasioned by the operation of defendant's motor vehicles over these franchise routes.    It was alleged that growing out of defendant's operations under the contract a number of suits were instituted against defendant, and that in some of these the present plaintiff was joined as party defendant, and that to defend these suits plaintiff employed attorneys and has incurred expense therefor which it now seeks to recover from the defendant under its contract of indemnity.    Defendant's demurrer on the ground of the insufficiency of the complaint to state a cause of action was sustained.    An examination of the complaint in the light of the challenging demurrer leads us to the conclusion that the court below has ruled correctly and that the judgment should be upheld.

The language in which the contract of indemnity is couched, as set out in the complaint, affords ground for recovery for damages or loss occasioned plaintiff by the operation of defendant's buses over plaintiff's franchise routes, but is not sufficiently comprehensive to include reimbursement for the fees of attorneys employed by plaintiff to defend suits

brought against the defendant or both defendant and plaintiff. There is no allegation that any damages or costs were adjudged against or paid by the plaintiff, or that loss was occasioned by the operation of defendant's buses, or that plaintiff was called upon or required to defend, or that defendant failed to pay all damages and costs growing out of the suits referred to. The use of the word loss in connection with the word damages would seem to indicate damages assessed and loss resulting from an adverse judgment. *Power Co. v. Casualty Co.,* 153 N. C. 275, 69 S. E. 234. In the absence of an express agreement therefor this would not include amounts paid for attorneys' fees. *McCabe v. Assurance Corp.,* 212 N. C. 18, 192 S. E. 687; *In re Will of Howell,* 204 N. C. 437, 168 S. E. 671; *Parker v. Realty Co.,* 195 N. C. 644, 143 S. E. 254; *Lowe v. Fidelity Co.,* 170 N. C. 445, 87 S. E. 250; *Midgett v. Vann,* 158 N. C. 128, 73 S. E. 801; *Bank v. Land Co.,* 128 N. C. 193, 38 S. E. 813. Nor is the expense of employing attorneys in the successful defense of a suit for damages for tort allowable as part of the costs or recoverable in the absence of an express agreement therefor. *Power Co. v. Casualty Co.,* 153 N. C. 275, 69 S. E. 234; G.S. 6-21. Expense unnecessarily incurred for attorneys' fees may not be recovered. 42 C. J. S. 587; 27 A. J. 474. In *Lowe v. Fidelity Co., supra,* the defendant there was required to reimburse plaintiff for attorneys' fees, but that was for the reason that the Fidelity Company was under contract to defend the suit and had wrongfully failed to do so. *Anderson v. Ins. Co.,* 211 N. C. 23, 188 S. E. 642.

There are numerous decisions in other jurisdictions, to which plaintiff calls our attention, in which attorneys' fees are held recoverable by the successful litigant as items of costs, and are also regarded as losses for which reimbursement is allowed under certain indemnity contracts, but, considering the language of the contract of indemnity in the case at bar in the light of our decisions, we think the complaint for the recovery of sums expended for attorneys' fees under the contract here alleged is demurrable as insufficient to state a cause of action. Accordingly the judgment below is

Affirmed.