UNITED MORTGAGEE SERVICING CORP., Plaintiff,

v.

Richard H. WRIGHT, III, and Thomas D. Wright, Jr., Defendants.

No. C–191–D–67.

United States District Court,
M. D. North Carolina,
Durham Division.

July 31, 1969.

Jerry L. Jarvis, of Watkins & Jarvis, Durham, N. C., for plaintiff.

E. K. Powe, of Powe, Porter & Alphin, Durham, N. C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

EDWIN M. STANLEY, Chief Judge.

The plaintiff, United Mortgagee Servicing Corp., a New York corporation, seeks by this action to recover damages against defendants, Richard H. Wright, III, and Thomas D. Wright, Jr., citizens and residents of Durham County, North Carolina, arising out of an alleged breach of six written contracts of guaranty securing the advances of funds for the construction of six houses in South Carolina.

Neither of the parties having requested trial by jury, the matter was tried by the Court. At the conclusion of the evidence, all of which was documentary and was introduced by the plaintiff, the Court allowed the parties additional time

to file requests for findings of fact and conclusions of law, and briefs.

After giving careful consideration to the entire record, including the request for findings and conclusions filed by the parties, and arguments of counsel, the Court now makes and files herein its Findings of Fact and Conclusions of Law, separately stated:

## FINDINGS OF FACT

1. The plaintiff is a corporation organized and existing under the laws of the State of New York, and maintains its principal office and place of business in Virginia Beach, Virginia.

2. The defendants are citizens and residents of Durham County, North Carolina.

3. The amount in controversy, exclusive of interest and costs, exceeds the amount of $10,000.00.

4. On January 8, 1964, Keith A. Jensen executed and delivered to Wright Homes, Inc., a promissory note, payable on demand, in the principal amount of $6,850.00, which said note was secured by a deed of trust on Lot 20, Haven Heights, Columbia, South Carolina. Thereafter, Wright Homes, Inc., transferred and assigned said note and deed of trust to the plaintiff, and on February 1, 1964, Wright Homes, Inc., and the individual defendants executed a written contract of guaranty to the plaintiff guarantying repayment of advances of funds to Keith A. Jensen for the construction of a house on the real estate securing said note, to a maximum of $6,850.00, plus any sums advanced by the plaintiff in protection of its security, and plus interest at the rate of six percent per annum on all such funds advanced.

5. The guaranty agreement provided that the guarantors would make payment in full within nine months from the date of the note, without notice or demand, unless payment had been made by Keith Jensen prior to such date, and Paragraph 4 of said agreement provided as follows:

"4. Guarantors hereunder shall have the right and option to extend the time within which they are otherwise obligated to perform hereunder for successive periods of thirty (30) days each, but not to exceed a total of ninety (90) days, upon the payment to UNITED MORTGAGEE SERVICING CORP. in advance of each such thirty (30) day extension period of a sum equal to one-quarter of one percent of the face amount of such note or notes. In any case where demand has been made for payment within nine months from the date of note or notes, no extension options will be allowed."

6. The plaintiff advanced the following funds to or on behalf of Keith A. Jensen:

| 2/6/64 | Wright Homes, Inc. | $3,305.89 |
|---|---|---|
| 2/6/64 | Service Fee | 68.50 |
| 3/11/64 | Wright Homes, Inc. | 2,703.26 |
| 4/30/64 | Wright Homes, Inc. | 772.35 |
| | Total— | $6,850.00 |

7. One-quarter of one percent per month of the principal amount advanced, computed from October 8, 1964, to June 8, 1966, amounts to $359.52.

8. Interest on the funds advanced under said guaranty agreement, computed to June 22, 1966, amounts to $970.42.

9. On and before June 22, 1966, the real estate secured by the Jensen note was sold at foreclosure for the sum of $7,000.00, and the plaintiff received $6,807.63, less $725.00 attorneys' fees, or a net of $6,082.63, for application against the Jensen indebtedness. Other than herein set out, plaintiff has received no payment from any source toward the Jensen indebtedness.

10. On March 13, 1964, National Builders, Inc., executed and delivered to Wright Homes, Inc., five promissory notes, payable on demand, in the principal amount of $9,100.00 each, which said notes were respectively secured by five deeds of trust on lots in Memorial Heights, Camden, South Carolina. Thereafter, Wright Homes, Inc., transferred and assigned said notes and deeds

of trust to the plaintiff, and on March 26, 1964, Wright Homes, Inc., and the individual defendants executed five written contracts of guaranty to the plaintiff guarantying repayment of advances of funds to National Builders, Inc., for the construction of houses on the real-estate securing said notes, to the maximum of $9,100.00 of such advances on each of said notes, plus any sums necessarily advanced by the plaintiff in the protection of its security, and plus interest at the rate of six percent per annum on all such funds advanced.

11. The guaranty agreements provided for payment by the guarantors within nine months from the date of each note, without notice or demand unless payment had been made by National Builders, Inc., prior to such date. Paragraph 4 of the agreement, as in the case of the Jensen indemnity agreement, provided for successive extension periods of 30 days, but not to exceed a total of 90 days, upon the payment of extension fee equal to one-fourth of one percent of the face amount of each note.

12. The plaintiffs advanced the following funds to or on behalf of National Builders, Inc.:

| | | |
|---|---|---|
| 4/2/64 | Wright Homes, Inc. | $32,996.52 |
| 4/2/64 | Service Fee | 454.00 |
| 4/14/64 | Wright Homes, Inc. | 6,689.00 |
| | Total | $40,139.52 |

13. One-quarter of one percent per month of the principal amount advanced computed from December 13, 1964, to June 13, 1967, amounts to $3,010.20.

14. Interest on the funds advanced under the National Builders, Inc., agreements, computed to July 5, 1967, amounts to $7,834.48.

15. On or about July 5, 1967, the real-estate securing the National Builders, Inc., notes was sold at foreclosure for the sum of $46,100.00, and the plaintiff received the sum of $32,049.38, the net proceeds from the said sale, for application against the National Builders, Inc., indebtedness. Other than herein set forth, plaintiff has received no payment from any source toward the National Builders, Inc., indebtedness.

16. By letter dated June 12, 1964, plaintiff notified the defendant, Thomas D. Wright, Jr., of its intention to demand payment from National Builders, Inc., of the indebtedness secured by its promissory notes and deeds of trust, and, while acknowledging that the defendants' liability would not mature until nine months after the date of the notes, offered to sell the notes to the defendant guarantors in order that they might protect their interest.

17. On June 19, 1964, the defendants herein instituted an action in the Superior Court of Durham County, North Carolina, against United Mortgagee Servicing Corp. (plaintiff herein), and alleged in the complaint, verified by each of the plaintiffs (defendants herein), the execution and assignment of the notes and deeds of trust and the execution of the guaranty agreement herein sued upon; that United Mortgagee Servicing Corp. (plaintiff herein) was threatening foreclosure of the deeds of trust; that the guaranty agreements were "satisfactory and adequate protection to the defendant (plaintiff herein) from any monetary loss"; and that they would be "irreparably damaged and harmed because they [would] be called upon by the defendant (plaintiff herein) to pay the amount of the advances made by the defendant (plaintiff herein), together with all foreclosure and other similar expenses, yet the plaintiffs (defendants herein) [would] have no power to control said expenses." The relief prayed for was the issuance of a temporary injunction and restraining order prohibiting United Mortgagee Servicing Corp. (plaintiff herein), from calling any of the loans or foreclosing any of the deeds of trust securing the loans; that United Mortgagee Servicing Corp. (plaintiff herein) be ordered not to incur any expenses in connection with the calling of any of the loans or foreclosing any of the deeds of trust securing the loans prior to the expiration of nine months from the dates of execution of the notes; and that

United Mortgagee Servicing Corp. (plaintiff herein) be required to advance the balance of the construction loans under each note.

18. On June 22, 1964, the Honorable Raymond B. Mallard, Judge Presiding over the Superior Court of Durham County, issued a temporary injunction in accordance with the prayer of the verified complaint of the plaintiffs (defendants herein).

19. Pursuant to the terms of the guaranty agreement securing the Jensen obligation, the defendants' liability became absolute and unconditional on October 8, 1964, nine months after the date of said note. For a period of approximately fifteen months after the maturity of said guaranty agreement, both the principal debtor and the defendants failed and refused to pay the indebtedness thereby secured, and on January 2, 1966, the plaintiff instituted an action in the Common Pleas Court, Richland County, South Carolina, to foreclose the deed of trust securing the Jensen note. On January 6, 1966, a copy of the complaint in the Jensen foreclosure proceeding was served upon each of the defendants by L. Y. Hall, Deputy Sheriff of Durham County, North Carolina. Neither of the defendants ever filed an answer in the Jensen foreclosure proceeding, or otherwise appeared in said action.

20. A judgment of foreclosure and sale of the Jensen property was entered in the Common Pleas Court, Richland County, South Carolina, by the Honorable James Hugh McFaddin, Judge Presiding, on April 14, 1966, and the Master's Report on the Jensen sale, showing receipts and disbursements in said proceeding, was entered on June 22, 1966, by Harry M. Lightsey, Master in Equity. Plaintiff received the sum of $6,082.63 to be credited to the Jensen obligation.

21. Pursuant to the terms of the guaranty agreements securing the National Builders, Inc., obligations, the defendants' liability became absolute and unconditional on December 13, 1964, nine months after the date of said notes.

22. The principal debtor and the defendants failed and refused to pay the National Builders, Inc., obligations at their maturity on December 13, 1964, or thereafter, and the plaintiff eventually instituted foreclosure proceedings under the deeds of trust securing said obligations in the Court of Common Pleas, Kershaw County, South Carolina.

23. By letter dated August 31, 1966, plaintiff, through counsel, made formal demand upon the defendants for payment of each of the obligations secured by the six guaranty agreements and offered, upon payment, to assign to the guarantors the notes thereby secured, and to cooperate with the guarantors in pursuing their remedies against the principal debtors.

24. By letter dated January 30, 1967, counsel for the plaintiff advised the defendants that he had been requested to immediately bring suit against them under the National Builders, Inc., guaranty agreements because of the possibility that the statute of limitations might run on the agreements prior to the determination of any deficiency in the foreclosure proceedings, but agreed to forbear bringing suit until after foreclosure and the determination of any deficiency if the defendants would waive the right to plead the statute of limitations as a defense in any action against them under the guaranty agreements.

25. By letter dated January 31, 1967, both of the defendants, in consideration of plaintiff's delaying the filing of any suit or suits against them on the guaranty agreements, agreed not to plead the statute of limitations as a defense to any such action, provided suit was brought respectively within sixty days after foreclosure and the amount of deficiency, if any, was determined with respect to each of the deeds of trust.

26. By letter dated February 24, 1967, counsel for the plaintiff advised counsel for the defendants of the foreclosure of the Jensen deed of trust and the resulting deficiency.

27. By letter dated May 22, 1967, counsel for the plaintiff advised the de-

fendants that the sale of the National Builders, Inc., properties was scheduled for June 5, 1967, and that it was anticipated that the property would not bring an amount sufficient to pay the indebtedness and that there would likely be a sizeable deficiency judgment, and requested that they protect their interest in order that the deficiency might be as small as possible.

28. The real-estate securing the National Builders, Inc., obligations was sold at public auction on June 5, 1967, and on July 5, 1967, the sale of said property was confirmed by the Court of Common Pleas, Kershaw County, South Carolina. Plaintiff received net proceeds from the sale of $32,049.38, to be credited against the obligations of National Builders, Inc.

29. On August 2, 1967, the Master's Report on the sale was filed, and on August 3, 1967, the Honorable John Grimball, Judge Presiding, entered an order in the Court of Common Pleas, Kershaw County, South Carolina, for a deficiency judgment in favor of plaintiff against National Builders, Inc.

30. By letter dated August 17, 1967, counsel for plaintiff mailed the defendants a certified copy of the order for deficiency judgment entered by Judge Grimball on August 3, 1967, and demanded payment of the deficiencies determined in the two foreclosure proceedings.

## DISCUSSION

The basic facts found are not in serious contention, and a resolution of the dispute between the parties primarily involves an interpretation of the guaranty agreements to ascertain the extent of the defendants' liability for foreclosure costs and for additional interest for extending the loans beyond nine months from the date of the execution of each note.

■■ The guaranty agreements expressly provide that the "Guaranty shall be absolute and unconditional * * *" and "shall not depend upon the exercise of any diligence * * * or upon the pursuit of any remedies against the party or parties primarily liable * * *" by United Mortgagee Servicing Corp. The agreements further provide "no act of commission or omission of any kind, or at any time, on the part of UNITED MORTGAGEE SERVICING CORP. in respect to any matter whatsoever, shall in any way effect or impair [the] Guaranty." Notwithstanding these provisions of the guaranty agreements, defendants contend that the foreclosure expenses were useless and voluntary since the liability of defendants was fixed without the requirement of the foreclosure proceedings, and that if plaintiff had proceeded against them immediately after the expiration of nine months from the date of each note, leaving to them the foreclosure of the security, their liability would have been much less. There is no merit to these contentions. The plaintiff undoubtedly had the right to realize what it could from the foreclosures, and then look to the defendants for the payment of the balance. If such right is not expressly conferred by the guaranty agreements, same can clearly be inferred from the conduct of the parties. On June 22, 1964, the defendants obtained an order in the Superior Court of Durham County, restraining the plaintiff from calling any of the loans or foreclosing any of the deeds of trust. It was alleged in the verified complaint that a foreclosure would incur expenses over which they would have no power to control, and that the guaranty agreements were satisfactory and adequate protection to the plaintiff herein from any monetary loss. Irrefutable proof of the defendants' acquiescence in the foreclosure is found in the letter they wrote plaintiff on January 31, 1967, agreeing not to plead the statute of limitations if the plaintiff would forbear the institution of suit against them until after foreclosure and the determination of any deficiency. Moreover, for many months after defendants' obligation under the

guaranty agreements had become absolute and unconditional, and after repeated demands for payment of their obligation, and even after receiving notice of the institution of foreclosure proceedings, the defendants sat idly by and took no action whatever to minimize their loss. The foreclosure proceedings were judicial in nature and the costs of the proceedings were fixed by a court of competent jurisdiction. By their inaction and indifference, the defendants not only failed to protest, but impliedly consented to, the foreclosure, and to the expenses incident thereto. This inaction and indifference precludes their now questioning either the validity or the amount of the foreclosure expenses.

■■ The foreclosure expenses complained of consist of such items as auctioneers' fees, advertising, compensation to the Master, State and Federal revenue stamps, city and county taxes, prior liens, and attorneys' fees. While the defendants take exception to all the foreclosure costs, the attorneys' fees allowed in each proceeding appear to be particularly offensive. To repeat, the expenditure of all the costs, including attorneys' fees, was a matter over which plaintiff had no control since they were fixed by the courts in which the foreclosure proceedings were instituted. Moreover, the costs, being necessary for the protection of plaintiff's security, were specifically authorized by the guaranty agreements. The fact that there is a strong policy in the State of North Carolina against allowing attorneys' fees does not aid the defendants. In the first place, the foreclosure proceedings were instituted in the State of South Carolina, and this Court will indulge in the presumption that the orders entered there were authorized by, and in conformity with, South Carolina law. Secondly, even in North Carolina, attorneys' fees incurred in the protection of security in guaranty transactions are allowed if authorized by the agreement or contemplated by the parties. Queen City Coach Co. v. Lumberton Coach Co., 229 N.C. 534, 50 S.E.2d 288 (1948).

■ The other disputed item is whether plaintiff is entitled to additional interest of one-quarter of one percent per month of the principal amount advanced, commencing nine months from the date of each of the notes and extending until the respective foreclosures. The guaranty agreements provide that it is necessary for the guarantors to request the extensions and pay the additional interest in advance of each thirty-day extension period. It is further provided that only three such thirty-day extension periods would be granted. Defendants take the position that they never requested an extension, and hence should not be liable for the additional interest. Plaintiff, on the other hand, argues that additional interest is clearly contemplated by the guaranty agreements if payment is not made within nine months. While no case has been cited or found dealing with the subject, the Court is of the view that the position of the defendants with respect to the additional interest is the more tenable one. Consequently, additional interest will be disallowed.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and of the subject matter.

2. It was the intention of the parties to the guaranty agreements, as evidenced by the terms of agreements, by the circumstances surrounding their execution, and by the subsequent conduct and dealings of the parties with reference thereto, that in event of default by the principal obligators and failure to pay guarantors, and consequent foreclosure of security, the costs of foreclosure would be deducted from the proceeds of the sale of the security before crediting such proceeds upon the indebtedness.

3. The plaintiff is not entitled to recover any additional interest in the form of extension fees pursuant to Paragraph 4 of the guaranty agreements.

4. As of June 22, 1966, advances of funds made by plaintiff to Keith A. Jensen, plus sums necessarily advanced by it in the protection of its security, together with interest at the rate of six percent per annum, amounted to $7,820.42.

5. The defendants are entitled to credit upon the Keith A. Jensen obligation in the amount of $6,082.63, representing the net proceeds from foreclosure received on June 22, 1966, in the foreclosure proceedings in the Court of Common Pleas, Richland County, South Carolina.

6. As of June 22, 1966, the defendants were justly indebted to the plaintiff under the terms of the Jensen guaranty agreement in the amount of $1,737.79, no part of which has been paid.

7. As of July 5, 1967, advance of funds made by plaintiff to National Builders, Inc., plus sums necessarily advanced by it in the protection of its security, together with interest thereon at the rate of six percent per annum, amounted to $47,974.00.

8. The defendants are entitled to credit upon the National Builders, Inc., obligations in the amount of $32,049.38, representing the net proceeds received on July 5, 1967, in the foreclosure proceedings instituted in the Court of Common Pleas, Kershaw County, South Carolina.

9. As of July 5, 1967, the defendants were justly indebted to the plaintiff under the terms of National Builders, Inc., guaranty agreements in the amount of $15,924.62, no part of which has been paid.

10. The plaintiff is entitled to judgment against the defendants, jointly and severally, in the amount of $1,737.79 plus interest thereon at the rate of six percent per annum from June 22, 1966, until paid, and the additional sum of $15,924.62 plus interest thereon at the rate of six percent per annum from July 5, 1967, until paid.

A judgment will be entered accordingly.