132 N.J. Super. 496 (1975)
334 A.2d 346
BETHLEHEM STEEL CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF-RESPONDENT,
v.
K.L.O. WELDING ERECTORS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1974.
Decided February 28, 1975.
*497 Before Judges MICHELS, MORGAN and MILMED.
Mr. Charles W. Hutchinson argued the cause for appellant (Messrs. Lamb, Hutchinson, Thompson & Chappell, attorneys).
Mr. John M. Walsh argued the cause for respondent (Messrs. Schumann, Hession, Kennelly & Dorment, attorneys).
The opinion of the court was delivered by MICHELS, J.A.D.
Defendant K.L.O. Welding Erectors, Inc. appeals from a summary judgment in favor of plaintiff Bethlehem Steel Corporation determining that it is liable for reasonable attorneys' fees and costs incurred by plaintiff in successfully defending a wrongful death action instituted by the administratrix ad prosequendum of the estate of Stephen Gallas, one of defendant's employees.
W.R. Grace & Company (Grace) entered into a contract with plaintiff for the construction by plaintiff of a steel water storage tank at Grace's chemical plant in Fords, New Jersey. Plaintiff subcontracted the construction of the tank to defendant. During the course of the tank's construction it was necessary for defendant to use its crane in order to lift steel plates into position. Gallas was fatally injured while assisting a co-worker in replacing the crane's boom cable when the boom accidentally came in contact with overhead wires carrying highly dangerous current.
The administratrix sued Public Service Electric and Gas Company, Grace and plaintiff to recover for the pecuniary loss suffered by her and her four children as a result of the death of her husband. Plaintiff immediately tendered the defense of the suit to defendant's insurance carrier, Aetna Casualty and Surety Company, which refused to defend the *498 suit in plaintiff's behalf. The defense of the suit was then tendered directly to defendant. Upon defendant's refusal to defend the action, plaintiff retained counsel and successfully defended the suit both at trial and on appeal. See Gallas v. Public Service Electric and Gas Co., 106 N.J. Super. 527 (App. Div. 1969), aff'd in part and rev'd in part 56 N.J. 101 (1970).
Plaintiff then instituted this action against defendant to recover the attorneys' fees and costs incurred in defending the wrongful death action under the indemnity provision of its contract with defendant, which in pertinent part provided:
* * * The Contractor shall likewise be solely responsible for and indemnify and hold harmless each of the Bethlehem Companies against and from any and all loss or liability in respect of injuries to or death of any employee, * * * of the Contractor or any of its subcontractors, while engaged in the Work or while in, on or near the site thereof, or in, on, or near the premises of any of the Bethlehem Companies, however such injuries or death may be caused, and whether or not the same may have been caused or may be alleged to have been caused by the negligence of the Company or of any other of the Bethlehem Companies or of the employees of any of them or by the condition of the premises or otherwise or as a result of any alleged breach of any statutory duty or obligation on the part of the Company or of any other of the Bethlehem Companies or of the employees of any of them.
On cross-motions for summary judgment the trial judge held that a realistic assessment of the language "any and all loss or liability" must be read to include counsel fees and costs incurred by plaintiff in successfully defending the prior wrongful death action and entered summary judgment in plaintiff's favor.
Defendant appeals, contending that it was not under any contractual obligation to indemnify plaintiff for counsel fees and costs incurred in successfully defending the wrongful death action instituted against it. Defendant contends that the indemnity agreement should be strictly construed and the language thereof does not provide indemnity for such *499 legal expenses. Defendant suggests that since it only agreed to indemnify plaintiff against loss or liability, its obligation does not come into existence until plaintiff's liability has been established by judgment and the amount of the loss by actual payment.
A contract of indemnity is to be interpreted in accordance with the rules governing the construction of contracts generally. The fundamental rule in construing contracts calls for the ascertainment of the intention of the parties in the light not only of the language used, but also of the surrounding circumstances and the objects sought to be attained by them under their agreement. See Cozzi v. Owens Corning Fiber Glass Corp., 63 N.J. Super. 117, 121 (App. Div. 1960); Stern v. Larocca, 49 N.J. Super. 496, 501 (App. Div. 1958); Longi v. Raymond-Commerce Corp., 34 N.J. Super. 593, 603 (App. Div. 1955). As stated in George M. Brewster & Son v. Catalytic Const. Co., 17 N.J. 20 (1954), in the case of an integrated contract.
[the judicial quest] is for the reasonably certain meaning of the language used, taken as an entirety, considering the situation of the parties, the attendant circumstances, the operative usages and practices, and the objects the parties were striving to achieve. * * * [T]he chosen words and phrases are to be realistically assessed, in relation to the context and the obvious general purpose of the compact, for the meaning that is reasonably clear, such as is within the reasonable understanding of the symbols of expression. In this, we find the true standard if the function of interpretation is to be fulfilled. [at 32]
Applying these principles to the contract here under consideration, we are of the view that it may reasonably be inferred that the parties intended that attorneys' fees and costs would be subject to indemnification under the contract. An intent on the part of defendant to provide complete and full indemnity to plaintiff for "any and all loss or liability" by reason of death, personal injury or property damage arising out of the construction work or occurring on the job site regardless of the cause thereof or the legal responsibility therefor *500 is unequivocally spelled out in the contract and the objectives contained therein. The very words "any and all" stress the breadth of the indemnity provision and compel the conclusion that legal expenses would be considered a "loss" within the contract.
When plaintiff undertook the defense of the prior wrongful death action after defendant and its insurance carrier refused to do so, it was actually for the sole benefit of defendant. In the event that a judgment had been recovered against plaintiff in that action, defendant would unquestionably have been liable to indemnify and hold plaintiff harmless therefrom. The loss sustained by plaintiff would include not only the amount of the judgment but reasonable attorneys' fees and expenses incurred in defending the action. See Frommeyer v. L. & R. Construction Co., 261 F.2d 879, 881 (3 Cir.1958); Miller and Company of Birmingham, Inc. v. Louisville & N.R.R.R. Co., 328 F.2d 73, 78 (5 Cir.1964), cert. den. 377 U.S. 966, 184 S.Ct. 1648, 12 L.Ed.2d 737 (1964). See also, 41 Am.Jur.2d, Indemnity, § 36 at 726, where the rule is stated as follows:
As a general rule, and unless the indemnity contract provides otherwise, an indemnitee is entitled to recover, as part of the damages, reasonable attorneys' fees, although there is some authority to the contrary. * * *
If counsel fees and costs constitute a part of plaintiff's damages where a judgment is recovered, it follows that counsel fees and costs constitute a "loss" where the action is successfully defended. Thus, in Thermoid Co. v. Consolidated Products Co., Inc., 7 N.J. 283, 290 (1951), our Supreme Court construed a hold harmless agreement which did not expressly provide indemnification for legal expenses to include such expenses incurred by the indemnity in the successful defense of a suit within the scope of the agreement, stating:
* * * The plaintiff's action in defending the Alumbaugh suit was thus for the benefit of the defendant alone, and it is only reasonable *501 that the parties in using the words "We will hold you harmless from any such claims" contemplated the expenses of defending such a suit as well as the possibility that a judgment for brokerage fees might have gone against the plaintiff.
But cf., Queen City Coach Co. v. Lumberton Coach Co., 229 N.C. 534, 50 S.E.2d 288 (Sup. Ct. 1948).
Accordingly, the summary judgment of liability in favor of plaintiff is affirmed.